## LIPPERT v. LASAR et al.

### No. 14,923; July 31, 1893.

33 Pac. 797.

**Mechanics' Liens—Time for Filing—Completion of Work.—A** contractor agreed to excavate a cellar, and to erect walls of concrete and steps to the street, and plaintiff did work thereon for said contractor. The work was accepted by the owner as complete, July 26th; but in August a carpenter employed by the owner placed a

frame in the cellar door, and plaintiff, at the owner's request, filled a small hole outside of the cellar. Held, that the lack of this additional work was a "trivial imperfection," within the meaning of Code of Civil Procedure, section 1187, which provides that such imperfection shall not prevent the filing of the lien claim, and hence the filing of the claim August 29th was not within the statutory time of thirty days from the completion of the work.

APPEAL from Superior Court, City and County of San Francisco; F. W. Lawler, Judge.

Action by John Lippert against L. Lasar and others. From an order granting a new trial, plaintiff appeals. Affirmed.

D. E. Alexander and E. I. Robinson for appellant; John T. Humphreys and E. D. Peixotto for respondents.

VANCLIEF, C.—Action to enforce a lien upon a house owned by defendant Lasar for labor done upon an addition to said house for the defendant Sonneckson, who, as original contractor, constructed said addition. The judgment was in favor of the plaintiff, but the court granted a new trial, and this appeal is from the order granting a new trial.

Whether or not the plaintiff had filed his claim of lien within thirty days after the completion of the additional structure was the principal question at the trial, and is the only question presented on this appeal; it being admitted that the new trial was granted on the ground of insufficiency of the evidence to justify the finding that plaintiff's claim of lien was filed within the time required by section 1187 of the Code of Civil Procedure, namely, within thirty days after the completion of the addition which the original contractor agreed to construct. The claim of lien was filed August 29, 1890, and I think a decided preponderance of the evidence is to the effect that the addition was completed on July 26, 1890. The addition to the house was a cellar under it. By the original contract, which was in writing, the defendant Sonneckson agreed to make the necessary excavation for the cellar, and to construct walls of concrete seven feet and six inches in height and steps to the street for $365. That all this work was done and accepted by the owner as completed on or before July 26, 1890, there is no controversy; but the evidence shows that the placing of a door frame in the cellar

door by a carpenter employed by the owner, and about an hour's work by plaintiff, at request of the owner, in filling a small hole outside of the cellar, was done in August. The court, however, considered the lack of this additional work a trivial imperfection in the improvement, if imperfection it was, in the sense of section 1187 of the Code of Civil Procedure, and not such as would have prevented the filing of plaintiff's lien within thirty days after July 26, 1890; and the evidence contained in the record seems to justify this conclusion. I think the order granting a new trial should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order granting a new trial is affirmed.