WILLARD G. HARTLEY, in Equity,

*vs.*

ARTHUR N. RICHARDSON, and others.

Cumberland.    Opinion April 4, 1898.

*Lien. Filing of Claim. Expiration. Stat. 1895, c. 30.*

While the lien law should be construed favorably to the laborer, the rights of the owner and subsequent grantees should also be respected.

The laborer ought not to be encouraged to leave some trifling matter incomplete, and wait to see if his payment is made, and if that fails, complete any trifling work left, and be allowed to revive and continue his lien, to the detriment of parties, who in good faith, relying upon the records, and the apparent completion of the work of the laborer, pay the contractor, or take a conveyance of the property.

Protection to the laborer should not operate a fraud upon other innocent parties.

The plaintiff undertook to plaster for the defendant Richardson, the houses named in the plaintiff's bill. He began work in July, 1895, and finished his skim coating on the 19th of August then following, took away his staging and tools and vacated the premises, having completed his contract.

On October 7th, following, and more than forty days after he had completed his job as aforesaid, the plaintiff went to the houses with two men, the carpenters then having finished their work upon the same, and patched up any bruises or injuries caused by them to the plastering and sundry trifling imper-

fections in the same left by the plaintiff's men when they vacated the premises on the 19th of the previous August,—for which no extra charge was made or claimed.

More than forty days thereafterwards, to wit, on October 23, 1895, the plaintiff filed with the city clerk his claim for a lien upon the houses and land. *Held;* that his lien therefor had already expired before the claim was filed in the city clerk's office; and that the gratuitous work in October was not fairly a continuation of the original contract, and did not continue or revive the expired lien.

A custom to be binding, must be universal in the locality, and of long existence.

The decision of a single justice upon matters of fact in an equity hearing will not be reversed unless it clearly appears that such decision is erroneous; and the burden to show the error is upon the appellant.

In Equity.    On Appeal.

This was a suit in equity brought under the provisions of chapter 30 of the statute of 1895, for the enforcement of a lien for labor performed and material furnished in plastering a dwelling-house in Portland.

It came to this court on an appeal from the decree of the justice of this court sitting below who heard the case and dismissed the bill.

It was admitted that the respondents, Gribben, were the owners of the land and of the buildings upon which the lien is claimed, and that the building was erected under a contract between the respondents, Gribben and Richardson.

It appeared that the plaintiff, Hartley, did the plastering of the building under a contract with the respondent Richardson, furnishing all labor and material necessary therefor, which at the contract price, 21 cents per square yard, amounted to the sum of $516.60; credit of $191.60 was given, leaving due a balance of $325, the amount sued for in the bill.

The plastering was begun in July, 1895, and the last work was done and the last material furnished on October 7, 1895, when the patching was completed and the workmen finally left.

The plaintiff filed a sufficient sworn notice of his claim of a lien with the city clerk of the city of Portland, in which the land and building was situated, on October 23, 1895, within forty days of

October 7, 1895, and began this action on October 25, 1895, within ninety days of the 7th of October, 1895.

Other facts appear in the opinion.

*A. E. Neal,* for plaintiff.

As said by Holmes, J., in *Monaghan* v. *Putney,* 161 Mass. 339, "we cannot lay it down as a matter of law, that the work was only colorable, because of the ulterior purpose, or because what was done was a very trifling matter."

As was ruled in *Worthen* v. *Cleaveland,* 129 Mass. 575, by Gardner, J., where work was done on a cellar wall in October and November when it was supposed that the wall was completed, but where it was found necessary to do some little farther work in the ensuing April in order to render the wall perfect, and it was said, "if the petitioner in the following April, in good faith, worked upon the wall . . . . and if such labor done by the petitioner was with the knowledge and consent and upon the request of the respondent . . . . such labor performed in April would operate to keep alive the petitioner's lien." The full bench sustained this instruction as without error.

In the case of *Conlee* v. *Clark,* Ind. App. 1896, 42 N. E. 762, the plumber notified the owner that the work was completed in May. The owner on moving in discovered that a hot-water pipe was connected with a closet, instead of a tub as it should be, and telephoned the plumber to change it. On June 2, a change was made, the work only taking a short time, for which no charge was made. It was held that the contract was completed June 2, and that the time for filing the lien notice was to be computed from that time.

The contract made and partially performed before the recording of the mortgages will give the lien claim priority to that of the mortgages, the lien attaching at the beginning of the labor, even though part of the labor or material furnished under the contract is subsequent to the record of the mortgage. *Morse* v. *Dole,* 73 Maine, 351.

Counsel also cited: *Gale* v. *Blaikie,* 126 Mass. 274; *Marston* v. *Kenyon,* 44 Conn. 356; *Jones* v. *Swan,* 21 Iowa, 181; *Lindsey*

v. *Gunning*, 59 Conn. 319; *Vito Viti* v. *Dixon*, 12 Mo. 481; *Chapman* v. *Brewer*, 43 Neb. 890; *Howard* v. *Veazie*, 3 Gray, 233; *Nixon* v. *Knights of Pythias*, 56 Kan. 298; *Howard* v. *Robinson*, 5 Cush, 119; *Dunklee* v. *Crane*, 103 Mass. 470; *The Granite State*, 1 Sprague, 277.

Usage: *Jones* v. *Hoey*, 128 Mass. 588.

*J. A. and Ira S. Locke*, for P. A. and W. L. Gribben, and Me. Wesleyan Board of Education.

*H. W. Gage and C. A. Strout*, for S. H. and A. R. Doten.

SITTING: PETERS, C. J., FOSTER, WISWELL, STROUT, SAVAGE, JJ.

STROUT, J.   Bill in equity to enforce a mechanic's lien.   The justice who heard this cause, and entered a decree, found as matter of fact, that the plaintiff "began work (plastering) in July, 1895, and finished his skim coating on the 19th of August then following, took away his stagings and tools, and vacated the premises, having completed his contract, upon which, at the stipulated price per yard, the sum of $516.60 then became due and payable, and upon which sum he has received a payment of $191. . . . . "That on October 7, 1895, more than forty days after he had completed his job as aforesaid, the plaintiff went to the houses with two men, the carpenters then having finished their work upon the same, and patched up any bruises or injuries caused by them to the plastering and sundry trifling imperfections in the same left by the plaintiff's men when they vacated the premises on the 19th of the previous August, for which no extra charge was made or claimed;" and that this was done "without the knowledge or consent of the mortgagees;" and that there was no substantial providing of materials or labor furnished later than the 19th of August, when the plaintiff's job was complete and his compensation therefor became due and payable." Plaintiff filed in the clerk's office of Portland his claim for a lien upon the houses, on October 23, 1895. The justice thereupon held that plaintiff's lien had expired before the filing of his claim in the clerk's office, and the bill was dismissed. From this decree plaintiff has appealed.

"The decision of a single justice upon matters of fact in an equity hearing, should not be reversed unless it clearly appears that such decision is erroneous." "The burden to show the error falls upon the appellant." "He must show the decree appealed from to be clearly wrong, otherwise it will be affirmed." *Young* v. *Witham*, 75 Maine, 536; *Paul* v. *Frye*, 80 Maine, 26.

The evidence in the case justified the finding. The plaintiff and his men were at work, plastering by the yard. There is no evidence that he had any contract to plaster all of the two houses, or any particular portion of them. For aught that appears, he was at liberty to quit work at any time, and receive payment for the number of yards he had plastered. Richardson, his employer, had no claim upon plaintiff to work longer than he chose and plaintiff was under no obligation to do so. It is true, that he held a contract from Richardson for the conveyance of certain real estate, and that by it, whatever work plaintiff did for Richardson was to be at the price of twenty-one cents per yard, one-fourth part of which was to be retained by Richardson toward payment for the land; but plaintiff did not bind himself by that contract to do any particular amount of, nor any, work for Richardson. His rights and liabilities as to Richardson, in the work on these houses, were those of a day laborer.

He quit work, took away his men and appliances for the work, and left the house cleared for the carpenters, on the 19th day of August, sixty-five days before he filed his claim for lien. He was under no contractual liability to do anything more. He did not promise to do anything more. His work was done. He had no occasion to return to it, nor any expectation of doing so. He allowed his lien to expire by limitation. On October 7, he went to the house and repaired some breaks in the plastering made by the carpenters. He was under no obligation to do this. The repairs were not made necessary by any fault or neglect of the plaintiff or his men, but by the fault or carelessness of the carpenters. It was merely a gratuitous service, for which no charge was made or payment expected. Some other trifling things were done, but no payment was asked or expected. Richardson,

his employer, did not ask plaintiff to do this work, or claim that he was bound to do it. It is apparent, that on October 7, plaintiff had become doubtful about obtaining payment from Richardson, and hence the effort to hold a lien, by tacking this gratuitous work upon that done and completed on August 19. The patching in October was a repair of work before then properly done and completed, and damaged afterward by other parties, for which plaintiff was not responsible. Such repairs "cannot revive a first or suspend the running of the time in which he must enforce the prior lien." *Baker* v. *Fessenden*, 71 Maine, 294.

There was evidence that after the carpenters had left, Gribben, the owner of the building, asked plaintiff to mend the defects the carpenters had caused, and that plaintiff replied "that it was not a part of his work to do that." Gribben then asked him if he would do it for him, and plaintiff said "he would see about it." · But he did not go and do it. Three or four days or a week after, Gribben asked him again, and he said he would go, and Gribben says he expected to pay him for it. This is denied by plaintiff. But the credibility of the witnesses and the truth or falsehood of their statements, were for the sitting judge. If he believed Gribben, it was an end of plaintiff's case. Where the evidence is conflicting, the trial judge who sees the witnesses is in the better position to determine the truth. In such case, his decision will not be reversed upon the facts.

Plaintiff claims that there was a custom among plasterers in Portland to repair damages done by the carpenters, as part of their duty as plasterers; and called some witnesses, who with more or less distinctness said there was such a custom. Defendant called Mr. Redlon, a mason and builder in Portland for fifteen years, having had extensive experience. He was asked, "Is it the custom, when the plastering is done by the yard, for the mason to follow the carpenter and finish the bruises and defective places and plastering, as a part of his contract?" and he answered "I should say not." Mr. Snow, another mason and builder in Portland of twenty-three years' experience, says the same. A custom to be binding, must be universal in the locality, and of long existence. *Ulmer* v. *Farnsworth*, 80 Maine, 502.

The evidènce utterly fails to show a custom as claimed by plaintiff.

The plaintiff quit work August 19. October 1, Gribben, the owner of the houses, made two mortgages upon them, to raise money to pay Richardson, the contractor and builder. These mortgagees found no lien filed in the clerk's office, and undoubtedly knew that the plaintiff quit the work and removed his appliances, on the 19th of August. Gribben certainly knew this. They had a right to believe that no lien existed.

While the lien law should be construed favorably to the laborer, the rights of the owner and subsequent grantees should also be respected. The laborer ought not to be encouraged to leave some trifling matter incomplete, and wait to see if his payment is made; and if that fails, complete the trifling work left, and be allowed to revive and continue his lien, to the detriment of parties, who in good faith, relying upon the records, and the apparent completion of the work of the laborer, pay the contractor, or take a conveyance of the property. Protection to the laborer should not operate a fraud upon other innocent parties. The case of *Woodruff* v. *Hovey*, ante, p. 116, is in point. In that case, a building accepted by the owner, required some trifling work to be done to complete it. This was done more than forty days after the practical completion of the building, no lien having been filed in the meantime. This court held that such work did not revive or continue the original lien. In this case, the tenements had been accepted by Gribben, the owner; a tenant had gone into one, and was occupying it; and on October 1, after the lien had expired, Gribben raised the money by mortgage to pay the builder, Richardson, the amount due upon the contract, and presumably did pay him, as he makes no complaint. Later he discovered these slight defects, and instead of applying to Richardson to repair them, asked the plaintiff to do so, at his, Gribben's expense. Jones on Liens, § 1446.

*Decree below affirmed, with additional costs.*