THE SOUTHWESTERN PAINT AND WALL PAPER COM-
PANY, *Appellee*, v. MAURICE V. PERKINS, as Adminis-
trator, etc., et al., *Appellants*, and W. J. POWELL
et al., *Appellees*.

No. 18,308.

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN — *Adjacent Buildings* — *Confusion of Ac-
counts—Lien Statements Sufficiently Itemized*. The owners
of adjacent lots erected buildings on them. The owners
employed the same contractor, who worked on both buildings
at the same time. He purchased material for both buildings
of a subcontractor who charged it all to one account. The
buildings were erected according to the same plan, and the
various kinds of material used in both were of the same
grade. After all the material had been furnished it was
apportioned between the two buildings according to a rule
which is not in dispute. One of the owners paid his propor-
tion in full and the subcontractor filed a mechanic's lien
against the building of the other. In the lien statement all
the items furnished for both buildings were specified, all
credits for payment on both buildings were specified, and a
lien was claimed for the balance. Another subcontractor
who had furnished material and kept his account in the same
way separated the items which went into the building against
which the lien was filed from the others and specified them
in its lien statement. *Held*, the original confusion of accounts
was not prejudicial, and that the lien statements were suffi-
ciently itemized.

2. NOTICE OF LIEN—*Registered Mail—Valid*. Written notice of
the filing of a mechanic's lien served by registered mail which
reaches the owner personally is valid.

3. PRICE OF BUILDING FIXED BY OWNER AND CONTRACTOR AFTER
COMPLETION—*Not Binding on Subcontractor*. It appeared
that the contract price of the building was fixed by the owner
and the contractor in a settlement made after the building was
completed. *Held*, that the liability for subcontractors' liens
was not limited to such price.

4. AMENDMENTS TO PETITION—*To Conform to Proof—Not Error*.
It appeared on the trial that the contractor was really the
agent of the owner in purchasing material and employing
labor for the erection of the building. *Held*, that amend-
ments to the petition to conform to the proof and a personal
judgment against the owner were proper.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed November 8, 1913. Affirmed.

*Luther Perkins,* of Coffeyville, and *S. H. Piper,* of Independence, for the appellants.

*Charles D. Welch,* and *Dallas W. Knapp,* both of Coffeyville, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one to foreclose mechanic's liens for labor and material furnished to improve the property of Charles Riley. Riley died pending the proceeding and the action was revived against his administrator, Maurice V. Perkins, and against his sole heir, Robert Riley. Liens were established in favor of the Southwestern Paint and Wall Paper Company, the McCoy Lumber Company, and F. F. Clough, subcontractors under W. G. Powell, the contractor who erected the improvements. The administrator and heir appeal.

Riley and J. H. Roberts owned adjacent lots. Each one erected a building on his own lot, the two structures, however, having a common wall. Powell acted as the contractor of both owners and worked on both buildings at the same time. He purchased material for both buildings from the paint company and from the lumber company. Each one charged the material it furnished to an account on its books designated as "Roberts & Riley Job." After the last material ordered from the paint company had been furnished, it made a complete and accurate segregation of the items used in the Riley building. The account thus prepared was approved by Powell and by the foreman of the work. Powell gave an order on Riley for its payment and a copy of it was attached to the lien statement. The lumber company, with the assistance of Powell and Roberts, made an apportionment of the material

it had furnished to each building.  The floor space of the buildings was adopted as a basis for the apportionment, the two having been constructed according to the same plan and the material furnished having all been of the same grade.  Roberts paid for his proportion.  Riley had made some payments on account and Powell gave the lumber company an order on Riley for the balance.  In its lien statement the lumber company set out all the items charged to the Roberts and Riley job, together with all credits, showing by whom paid, and claimed a lien for the balance.

It is argued that the paint company and the lumber company are not entitled to liens because of a confusion of accounts and because the lien statements were indefinite.

It may be premised that the mechanic's-lien law of this state is not, like similar laws in some other states, construed strictly because in supposed derogation of the common law.  The law is framed on broad principles of justice and equity which would call for a liberal interpretation in the absence of a statutory rule governing the matter.  (*Deatherage v. Henderson,* 43 Kan. 684, 690, 23 Pac. 1050; *Lumber Co. v. McCurley,* 84 Kan. 751, 115 Pac. 590; *Lumber Co. v. Douglas,* 89 Kan. 308, 316, 131 Pac. 563.)  But besides this, the legislature has prescribed a rule which reads as follows:

"The rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of this state, but all such statutes shall be liberally construed to promote their object."  (Gen. Stat. 1909, § 9850.)

A confusion of accounts destroys the basis of a lien only when confusion actually results.  The items furnished by the paint company for the Riley building were separable and were in fact separated from those furnished for the Roberts building and were specified in the lien statement.  While the items furnished by the lumber company to the Riley building could not be

segregated from those which were furnished to the Roberts building, those which went into one were of the same class as those which went into the other, and they could be apportioned and were apportioned between the two by a rule of conceded validity. There is no contention that the result of the apportionment was incorrect or unfair or that the balance ascertained in that way was not justly due from Powell. Therefore the original confusion of items on the account books of the lumber company worked no prejudice to any one, and the only question is if the lien statement complied with that part of the mechanic's-lien statute which reads as follows:

"Any person who shall furnish any such material or perform such labor under a sub-contract with the contractor . . . may obtain a lien . . . by filing . . . a statement, verified by affidavit, setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practicable." (Civ. Code, § 651.)

Under the circumstances the items of the amount due the lumber company from the contractor were set forth as nearly as practicable. In the beginning it would have been possible for the contractor to give separate orders for each building, but it was much simpler and therefore good business to give orders in bulk for all material of the same kind needed for both. The final result was an account showing all items furnished and all credits, including pay for the portion assigned to Roberts. The remainder was chargeable to the Riley building and the lien statement so claimed. If the lien statement had recited all the facts there would have been no indefiniteness or uncertainty and the statement would have been unimpeachable. Since the statute only requires "items" as nearly as practicable and since these were given as nearly as practicable the statement was sufficient to support a lien.

The appellants cite the case of *Nixon v. Cydon Lodge*,

56 Kan. 298, 43 Pac. 236, in which the account was itemized as follows:

" 'Items:

" 'To contract price as per agreement . .  $28,800.00

" 'Value and amount of material furnished and labor performed up to the abandonment of contract and building by the owner . . . . . . . . . .  $23,523.60
" 'By cash paid . . . . . . . . . . . . . . . . . . . .   12,423.17

        "Balance . . . . . . . . . . . . . . . . . . . . .  $11,100.43' "
(p. 302.)

The court said:

"As will be seen, this is no more than a lumping of the items included in the whole contract price, another including the estimated value and amount of material furnished and labor performed, and another giving a credit for the amount which had been paid. . . . That is was not itemized as nearly as practicable is readily seen, since they do not separate the labor from the materials, they do not give the amount of the subcontracts, nor do they separate the amounts expended for excavation, for stone, for brick, for iron, for terracotta, and for wood, and the labor upon each, as might have been done. From the record, it appears that the work was largely divided up and sublet to others, and a detailed statement to that extent was practicable and might have been readily made." (pp. 302, 303.)

Other cases are cited in which one lien was sought for the aggregate amount of material furnished under distinct contracts, in which the confusion was such that no separation was possible, and in which apportionment was attemped to be made by guess. Manifestly none of these decisions is applicable to the present controversy.

Written notice of one of the liens was served on Riley himself by registered mail. The statute provides that notice in writing shall be served on the owner without prescribing the method. Any method which effectually accomplishes the statutory purpose is sufficient.

It is claimed that some of the lien statements were not filed in time. After the building was so far completed that nothing remained to be done except to attend to some small but necessary details, material was furnished for that purpose. Lien statements were filed in due time if the furnishing of these items was not a mere subterfuge adopted for the purpose of extending the period within which liens might be perfected. The question was one of fact which the trial court determined adversely to the appellants on sufficient evidence.

It is said that the judgment makes the owner liable beyond the contract price of the building. In the beginning the contractor had only a pencil sketch of a one-story building one hundred and ten feet long which he agreed to erect for a certain sum. Then a second story was added fifty feet long. Then the second story was extended to one hundred and ten feet and a third story was added fifty feet long. After the building had been completed and a portion of it had been leased a settlement was made between the owner and the contractor, in which estimates were made with reference to the second and third stories, and separate contracts were then signed relating to them. The sum of the three contracts was much less than the actual cost of the building. From this and other evidence the court rightly concluded as a matter of fact that there was no "contract price" until after the building was finished, and rightly concluded as a matter of law that a contract price fixed in that way did not limit the liability of the owner to subcontractors.

There was ample proof that Powell was really the agent of Riley in purchasing material and employing labor for the erection of the building, and not simply a contractor within the meaning of the mechanic's-lien law. Amendments to the pleadings to conform to this proof were properly allowed, and judgment was prop-

erly rendered in accordance therewith against the administrator for the amounts of the subcontractors' unpaid bills.

The judgment of the district court is affirmed.