No. 20,121.

THE BADGER LUMBER COMPANY, *Appellant*, V. AMANDA E.
COLLINSON, *Appellee*.

### SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Foreclosure—Petition—Misnomer—Amendment—
   Limitation of Action*. A petition to foreclose a lien for material alleged
   that over three hundred dollars had been paid on the account. In the
   exhibits the subcontractor's statement named the owner as S. D. C., the
   notice of its filing giving her name as Mrs. S. D. C., and the petition
   averring that the property belonged to Amanda E. C., and that she
   is the same person as the one named in such notice. After a demurrer
   had been overruled the petition was permitted to be amended by insert-
   ing "Mrs." before the name in the subcontractor's statement. *Held,*
   that such amendment was proper although made more than one year
   after the filing of the lien. (Civ. Code, § 653.)

2. SAME—*Judgment on Pleadings—Erroneously Given*. In passing on
   the motion for leave so to amend the court found that the person named
   in the lien statement is the defendant Amanda E. C. and that she "has
   been commonly known and designated in her business transactions in
   the community in which she lives as Mrs. S. D. C." Thereafter de-
   fendant's motion for judgment on the pleadings was sustained. *Held,*
   error.

3. SAME. One may, without abandoning his real name and without
   fraudulent intent, adopt any name different from his and by which
   he may transact business, execute contracts, sue and be sued.

Appeal from Cowley district court; OLIVER P. FULLER, judge.
Opinion filed April 8, 1916. Reversed.

*Albert Faulconer*, and *C. Ward Wright*, both of Arkansas
City, for the appellant.

*C. T. Atkinson*, of Arkansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: This appeal presents the one question, "What's in
a name?" The defendant, Amanda E. Collinson, is the widow
of S. D. Collinson, who departed this life over fifteen years
ago. In March, 1913, being the owner of certain real estate
which she acquired a few years previously, Mrs. Collinson
made an oral contract with one D. C. Allen to furnish labor and
material and make certain improvements on this property.

Allen contracted with the plaintiff, The Badger Lumber Company, to furnish the material, which it did, and the improvements were made. Afterwards the lumber company filed a lien statement and caused a notice thereof to be served upon the defendant. This suit was brought to foreclose the lien, the petition alleging a payment of over $300 on the material account. In the exhibits it appeared that in the statement for a subcontractor's lien the defendant's name was given as S. D. Collinson, while in the notice of filing it was given as Mrs. S. D. Collinson, but it was averred that the real estate belonged to Amanda E. Collinson and that she is the same person as Mrs. S. D. Collinson mentioned in the exhibits. A demurrer to the petition was overruled, and afterwards by leave of court the prefix "Mrs." was placed before the name S. D. Collinson in the lien statement. After this was done the defendant filed a motion for judgment on the pleadings, which motion was sustained, and from this ruling the plaintiff appeals.

The motion for judgment confessed the allegations of the petition, including the averment that Amanda E. Collinson and Mrs. S. D. Collinson named the same person, the defendant. But it is sought to uphold the ruling on the ground that as the statute requires the name of the owner to be set forth (Civ. Code, § 651) the notice in question was deficient, and *Blattner v. Wadleigh,* 48 Kan. 290, 29 Pac. 165, is cited. It was there held that a statement which does not charge some particular person by name as owner is invalid. Attention was called to the fact that the statement of lien nowhere gave the name of the owner of the lot. But it has never been held by this court that the designation of the owner by the name which he has chosen to use in his business affairs is insufficient. Excessive strictness of construction is not required or permitted either by statute or by decision in this state. (Gen. Stat. 1909, § 9850; *Presbyterian Church v. Santy,* 52 Kan. 462, 34 Pac. 974; *Wall Paper Co. v. Perkins,* 90 Kan. 725, 136 Pac. 324.) Indeed the mechanic's-lien statute itself makes express provisions that "in case of action brought, any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed." (Civ. Code, § 653.) This was fully recognized in *Atkinson v. Woodmansee,* 68 Kan. 71, 74 Pac. 640. (See, also, *De Klyn v. Gould,* 165

N. Y. 282, 59 N. E. 95, 80 Am. St. Rep. 719; Phillips on Mechanics' Liens, § 342; Bloom, Law on Mechanics' Liens, § 848.)

It is urged that the amendment was erroneously permitted after the statute of limitations had run, contrary to the decision in *Powers v. Lumber Co.*, 75 Kan. 687, 90 Pac. 254. The distinction is that in that case there was a total failure to allege an essential fact and here a failure merely to set out in one statement the prefix in addition to the initials of the name under which the court found the defendant had been transacting business. Whether or not the amendment availed anything, no material error was committed in allowing it to be made. (*Alberti v. Moore, et al.*, 20 Okla. 78, 93 Pac. 543, 14 L. R. A., n. s., 1036; *Eberle et al. v. Drennan et al.*, 40 Okla. 59, 136 Pac. 162, 51 L. R. A., n. s., 68.)

In *Clark v. Clark*, 19 Kan. 522, it was held that a married woman who deserted her husband in another state, and eloped with another man and took up her residence with him in this state, assumed his surname and was introduced as his wife and became known by his name, could maintain in her assumed name an action against her paramour to recover borrowed money. In the opinion it was said that the real party in interest brought the action and that she brought it in the name by which alone she was known in the community in which she lived. (p. 524.)

It appears from the record before us that in ruling upon the motion for leave to amend the court found—

"That the S. D. Collinson owner in the lien statement . . . is the same person as Amanda E. Collinson named as the defendant in this action; that the defendant Amanda E. Collinson, has been commonly known and designated in her business transactions in the community in which she lives as Mrs. S. D. Collinson."

"The Christian name is that which is given one after his birth or at baptism, or is afterward assumed by him in addition to his family name. . . . Without abandoning his real name, a person may adopt any name, style, or signature, wholly different from his own name, by which he may transact business, execute contracts, issue negotiable paper, and sue or be sued." (29 Cyc. 264, 270.)

(See, also, 5 Words and Phrases, p. 4659.)

"A man's name is the designation by which he is distinctively known in the community." (*Laflin & Rand Co. v. Steytler*, 146 Pa. St. 434, 442, 23 Atl. 215, 14 L. R. A. 690, and Note, 693. See, also, *Valiquette v.*

*Clark Bros. Coal Mining Co.*, 83 Vt. 538, 77 Atl. 869, 34 L. R. A., n. s., 440; *De Renzes v. His Wife*, 115 La. 675, 39 South. 805, 2 L. R. A., n. s., 1089, and Note.)

The judgment is reversed and the cause remanded for further proceedings.