## Henry Koehler & Co. v. Hines.

(Decided October 3, 1919.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Mechanics Liens—Delivery of Material—Notice.—Where the appellant, under a contract not made directly with the owner or his agent, to furnish material for the building of a house, made a delivery of a very small item, the last prior delivery having been made more than thirty-five days previous, about the time the house was completed, and on the same day gave written notice to the owner of its intention to hold the property liable under section 2463, Kentucky Statutes, for its claim against the contractor. Held, that this delivery, having been made for the sole purpose of bringing the notice within the time allowed by the statute, cannot be effective for that purpose and the notice was given too late.

2. Mechanics' Liens—Notice.—The time for giving notice under section 2463, Kentucky Statutes, cannot be prolonged by furnishing labor or material that is trivial or unnecessary for the completion of the contract.

BENJ. F. GARDNER for appellant.

DODD & DODD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellee, Hines, contracted with one Stroud, doing business as the Stroud Contracting Company, to erect a residence upon a lot owned by him, and Stroud contracted with appellant, a lumber merchant, to furnish for use in constructing same, certain specified lumber,

contained in an "estimate," for $342.50, and as the work progressed ordered certain other materials, which, when added to the estimate, made his total indebtedness to appellant $632.04. Whether appellant, under section 2463 Kentucky Statutes, has a materialmen's lien for this amount upon appellee's property, denied by the chancellor, is the question involved upon this appeal.

The section provides in part that one who performs labor or furnishes material in the erection of a house shall have a lien thereon, "Provided, that no person who has not contracted directly with the owner or his agent shall acquire a lien under this section unless he shall notify in writing the owner . . . within thirty-five days after the last item of said material or labor is furnished of his intention to hold said property liable and the amount for which he will claim a lien." Appellant gave such a notice in writing to appellee on October 14th, 1916, and whether this was within thirty-five days after the last item of material was furnished is the question to be determined.

It is the contention of appellant that 500 feet of inferior flooring delivered by it upon the lot on October 14th was the last item furnished and that the notice given the same day was therefore in time.

This flooring admittedly was not used in the house and was furnished about the time the house was completed and some time after the floors were all laid. The last item theretofore furnished was on August 4, 1916, more than thirty-five days before the notice was given. Hence appellant's lien, if allowed, must be because of the delivery of a very small item shown to be of trifling value and not used in the construction of the house. Moreover, this delivery was made, as is conclusively established by the evidence and found as a fact by the chancellor, for the sole purpose of bringing the notice given the same day within the thirty-five days allowed by the statute for giving notice and creating the lien, despite the effort by one witness for appellant to explain the belated delivery upon the ground of oversight.

The case, therefore, falls squarely under that line of decisions which most sensibly hold that the time for giving notice cannot be prolonged by furnishing labor or material that is trivial and not necessary for the completion of the contract. Wolfling-Luring Lumber Co. v. Mosely, 152 Ky. 701; National Surety Co. v. Price, 162

Ky. 632; Sulcer Boat Machine Co. v. Rushville Water
Co. (Ind. App.), 62 N. E. 649; Hartley v. Richardson, 91
Me. 424, 48 Atl. 336; Lippert v. Lassar (Cal.), 33 Pac.
797.

We have not overlooked appellant's contention that
this flooring was included in the estimate which it con-
tracted with the original contractor to supply for $342.50,
and that it had the right to furnish all the estimate and
claim a lien within thirty-five days after the last item
was furnished or it was notified unused items would not
be needed; nor have we any fault to find with authorities
so holding under facts which show a compliance in good
faith by the subcontractor with his contract and the
statute, but where, as here, the subcontractor as well as
the contractor, treats his contract as completed by a
prior delivery, and then renders not only a statement to
the contractor for the whole of his bill, but also procures
from him an order on the owner for the full amount
thereof as if same had been fully complied with, and prac-
tically admits the subsequently furnished item was de-
livered solely for the purpose of reviving his otherwise
lost opportunity to secure a lien on the property, his
facts do not square with the principles underlying the
rule or the rule itself upon which appellant seeks to rest
his case.

Judgment affirmed.