[Civ. No. 4279.   First Appellate District, Division One.—July 2, 1923.]

## CALIFORNIA PACKING CORPORATION (a Corporation), Respondent, v. M. KANDARIAN, etc., Appellant.

[1] CONTRACTS—SALE OF RAISINS—USE OF WIFE'S NAME BY HUSBAND—AGENCY—EVIDENCE.—In this action to reform a contract for the sale of a crop of raisins and to recover damages for breach thereof as reformed, the undisputed evidence having shown that the land belonged to defendant and that the crop was his, and there having been no showing that defendant's wife had any interest in either crop or land, and the trial court having found, from sufficient evidence, that defendant "executed said agreement in writing and signed his name as M. Kandarian," which was his wife's name, the question of defendant's having acted as the agent for his wife was immaterial.

[2] ID.—ADOPTION OF DIFFERENT NAME.—Without abandoning his real name a person may adopt any name, style, or signature wholly different from his own name by which he may transact business, execute contracts, issue negotiable paper, and sue and be sued.

APPEAL from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. M. Drew for Appellant.

Lindsay & Conley and F. W. Docker for Respondent.

---

1.   Right of individual to transact business and make contracts under an assumed name, notes, 14 L. R. A. 690; L. R. A. 1915D, 982.

St. SURE, J.—This is an action to reform a contract and to recover damages for breach thereof as reformed. The plaintiff obtained judgment against the defendant reforming the contract and giving it judgment against defendant for damages in the sum of one thousand dollars and costs of suit. Defendant appeals from the judgment.

The contract is one for the sale to plaintiff by defendant of twenty-five tons of Muscat raisins at nine cents per pound, said raisins grown by defendant on land owned by him during the year 1919, and to be delivered before December 1, 1919. The contract omitted to describe the land from which the raisins were to come, and it is in this particular that plaintiff sought reformation, alleging that the description was omitted through mutual mistake.

The contract was made upon a printed form known among packers as a "dried fruit contract." It was dated and filled out by W. D. Weaver, a buyer for plaintiff, and signed by him on behalf of plaintiff. Defendant admitted that he knew Weaver and had theretofore had business transactions with him relating to the sale of raisins. He also admitted that he had met and conversed with Weaver about the time it is alleged the contract was made, but he denied that he had ever seen the contract in question, or that the signature "M." Kandarian, subscribed thereto, was his. He said that the signature resembled his "a little, very little, not all." Defendant's real name is "A." Kandarian, and his wife's "Mary" or "M." Kandarian. She cannot write. Witness Weaver told of the meeting between himself and the defendant at the time the contract was made. He testified in part as follows: "He [Kandarian] asked me what I was doing. I said still buying raisins and he says I will sell you twenty-five ton; he asked me the price and I told him nine cents and he says I will sell you twenty-five ton, so I says all right and I just pulled out my contract book and started in making the contract, A. Kandarian, and he says no, make it M. Kandarian so I proceed to write it accordingly." Weaver testified positively that the defendant signed the contract "M. Kandarian" in his presence. Judge Woolley was a witness for plaintiff. Reference is made to his appearance at the trial and his testimony is summed up as follows by counsel for defendant in his brief: "J. E. Woolley, one of the Superior Court judges of Fresno County, formerly in the employ of Short and

Sutherland, attorneys for plaintiff, was called as a witness. He testified on behalf of plaintiff that when the action was first brought, he called Mr. Kandarian to his office, and that he Kandarian admitted that he had signed his wife's name to the contract, and also that he had sold all of his own raisins at the time Mr. Weaver, the agent of the plaintiff, came to his place."

Counsel for defendant urges in his brief three grounds for reversal of the judgment, as follows:

"First, that the contract pleaded is not the contract proved.

"Second, that the evidence does not sustain the judgment reforming contract.

"Third, that the defendant was acting as agent for the principal at the time he signed the contract."

[1] Upon the oral argument before this court counsel for defendant abandoned and waived the first two grounds above named and rests his appeal solely upon the third ground. He argues in support thereof that "it was evidently intended that the defendant M. Kandarian, the wife of A. Kandarian, would sell to the plaintiff corporation twenty-five tons of raisins upon her approval of the contract."

The undisputed evidence shows that the land belonged to defendant and that the crop was his. No showing was made that defendant's wife had any interest in either crop or land. Because of the situation disclosed by the evidence we think the question of agency is immaterial. The trial court found that the defendant "executed said agreement in writing and signed his name as M. Kandarian." There is ample evidence to support such a finding. Defendant chose to sign his name as "M." Kandarian. There is nothing in the law which inhibited his doing so, and having so signed an agreement in all respects lawful, he is bound thereby. [2] Without abandoning his real name a person may adopt any name, style, or signature wholly different from his own name by which he may transact business, execute contracts, issue negotiable paper, and sue and be sued. (*Emery* v. *Kipp*, 154 Cal. 83, 86 [19 L. R. A. (N. S.) 983, 97 Pac. 17]; *Badger Lumber Co.* v. *Collinson*, 97 Kan. 791 [156 Pac. 724].)

The judgment is affirmed.

Tyler, P. J., and Richards, J., concurred.