## Akers & Co. v. Weil et al.

(Decided June 23, 1933.)

(As Modified on Denial of Rehearing Dec. 15, 1933.)

ROY G. GARRISON and CHARLES C. GRASSHAM for appellant. EATON & BOYD for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

This is a companion case of Weil v. Buffaloe & Co., 251 Ky. 673, 65 S. W. (2d) 2374, this day decided.

The appellant, Akers & Co., was a subcontractor for the installation of certain partitions in the toilets and for furnishing other materials for the building. The court refused to award it a lien because timely notice had not been given. If consideration be given to cer-

tain items of labor and material, the lien was perfected in time. The appellee contends that this work was so trivial and incidental that it should not be taken into consideration. It was stipulated that there was a balance of $3,000 due Akers & Co. under its contract by Buffaloe & Co.

It appears that the company regarded its work as finished on April 20th. At least the employees so reported to the company's officers in Memphis. But the owner had declined to accept the work because the doors were not of the panel type, such as called for by the contract. On May 20th doors of that kind were substituted for the others. After that some work had to be done upon the recesses for the pay locks on these doors, and Akers & Co. employed Buffaloe & Co. to do this work for it, which was done on June 15. Akers was billed for this work in the sum of $16.17. If the change made on May 20th and this work on June 15th be regarded, then the lien was perfected in time. Otherwise it was not.

In Henry Koehler & Co. v. Hines, 185 Ky. 270, 214 S. W. 906, upon the authority of several other cases, it is declared that the time for giving notice of a lien of this class cannot be prolonged by furnishing labor or material that is trivial and unnecessary for the completion of the contract. That is good law. But the facts of that case are different from those here, in that it appeared there that the sole purpose for which the material had been furnished was to bring the claim under the statute, as it was not necessary. Here it is clearly shown that the claimant's work and material had not been accepted. It realized that its contract had not been complied with, and, upon the demand of the owner, went ahead and completed the job in an acceptable manner. This was necessary in order for the contractor to recover under his contract, and it was all in good faith. It had the effect of extending the time for claiming the lien. The case must be ruled by National Surety Co. v. Price, 162 Ky. 632, 172 S. W. 1072, which so holds.

Akers & Co. should have been adjudged a mechanic's lien as well as a personal judgment against Buffaloe & Co. The judgment of $30,077.12 against Weil in favor of Buffaloe & Co., as is related in the

other opinion, was for the benefit of itself and the sub-contractors and materialmen. In the distribution of this sum by Weil, which the judgment contemplated, Akers & Co. must be considered as others having liens of equal dignity. If there be any deficit, that company has a lien on the property to secure its payment, but no personal judgment against the owner.

Wherefore the judgment is reversed.