No. 35,696

General Air Conditioning Corporation, *Appellant,* v. Carl A. Stuewe and Eva Stuewe, *Defendants* (Jack H. Pohl and Nadine Pohl, *Appellees*).

(131 P. 2d 638)

Opinion filed December 12, 1942.

*Chester Stevens,* of Independence, argued the cause for the appellant.

*Jay W. Scovel,* of Independence, argued the cause for the appellees.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from an order sustaining a demurrer to an amended petition in an action for the foreclosure of a mechanic's lien.

The abstracts disclose that the plaintiff commenced an action by filing a petition alleging in substance that on September 9, 1940, it sold to the defendant Stuewe an air-conditioning unit for the sum of $189.63, and on September 10, 1940, delivered it to him, and that he installed it in his residence on certain described real estate; that the above sum remaining due and unpaid on January 8, 1941, it filed in the office of the clerk of the district court its duly verified statement for a lien, a copy being attached as part of the petition. Reference was also made to a prior mortgage on the real estate, and also to the fact that the defendants Pohl and Pohl claimed some right in the real estate. The lien statement set forth the sale of the

air conditioner and its delivery on the dates above noted, and the installation in the residence on the described real estate.

The defendants Pohl and Pohl answered, making certain admissions but denying the air conditioner was sold to defendant Stuewe on September 9, 1940, or delivered to him on September 10, 1940, or that the lien statement was filed within four months from date of sale and of delivery. They alleged Stuewe purchased the equipment prior to and that it was installed on September 5, 1940. They also alleged they were owners of the involved real estate. On the pleadings thus framed a trial was commenced during the progress of which plaintiff asked for and was given permission to file an amended lien statement and an amended petition, and defendants Pohl and Pohl were given time thereafter to plead.

The amended petition alleged sale and delivery of the air conditioner on September 5, 1940, and its installation in the residence by the defendant Stuewe, and further that by the terms and conditions of the sale it agreed with Stuewe as a part and portion of the sale it would without expense to Stuewe send its engineer to the residence to examine the installation and to ascertain if the same were proper and to regulate and test the operation so that the air conditioner would work and perform its functions according to its design, and that pursuant to its agreeement it sent its engineer to the residence about September 13 or 14, 1940, who then and there examined the installation of the air conditioner, and inspected, regulated and tested the same. Other allegations were that it filed its lien statement on January 8, 1941, and that it desired to amend its lien statement by amending a certain paragraph, the substance of which was to set forth the agreement as to examination, regulation and test above mentioned. Other allegations need not be detailed.

To this amended petition the defendants Pohl and Pohl demurred, and that demurrer being sustained, the plaintiff appeals.

In the briefs there is some discussion whether under the circumstances, the trial court should have permitted the lien to be amended. There is no appeal by the defendants, the question is not properly before us and we shall limit discussion to the real point in controversy, which is, may the time for filing a lien be extended by reason of an agreement for inspection and testing after the owner has installed equipment sold and delivered by the lien claimant.

In our discussion we take note of the rule that the mechanic's lien law is not to be strictly construed because in supposed deroga-

tion of the common law. (*Wall Paper Co. v. Perkins*, 90 Kan. 725, 727, 136 Pac. 324, and also the rule that such a lien can only be acquired in the manner and on the conditions prescribed in the statute. *McHenry v. McHenry*, 150 Kan. 498, 95 P. 2d 261.)

The right to a mechanic's lien is fixed by G. S. 1935, 60-1401, which, for present purposes, reads as follows:

"Any person who shall under a contract with the owner of any tract, or piece of land, . . . perform labor or furnish material for the erection, . . . of any building, improvement or structure thereon, or who shall furnish material or perform labor . . . in putting up any fixtures or machinery in or attachment to any such building, structure or improvement, . . . shall have a lien . . ."

Under G. S. 1935, 60-1402, the lien statement must be filed in the office of the clerk of the district court, "within four months after the date upon which material was last furnished or labor last performed," etc.

In the case at bar it is apparent that four months had expired after the materials had been furnished by the seller and installed by the purchaser before the lien statement was filed. The lien statement was too late unless the provisions of the contract for examination, regulation and test after installation had been completed were, under the statute, labor performed either in the erection of the building or in the putting up of fixtures or machinery in or attachments to the building. The allegations of the amended petition lead only to the conclusion the installation was in a completed building, and that the installation was the putting up of a fixture or attachment.

Appellant concedes that the precise question presented has not arisen in this state and that it has not been able to find any authority directly sustaining its contention that such services as it performed entitle it to a lien. It seeks to draw an analogy with services rendered by architects in the preparation of plans and the supervision of construction, and after citing cases containing a definition of "labor," directs our attention to *Cain v. Rea*, 159 Va. 446, 166 S. E. 478, 85 A. L. R. 945, holding that an architect is entitled to a mechanic's lien under a statute giving a lien for labor performed on a building, and to other cases cited in and to the annotation in 60 A. L. R. 1257, from which it appears that the rule obtains in a majority of jurisdictions that an architect who furnishes plans for and supervises the erection of a building is entitled to a lien (l. c. 1257); that a number of courts have held to the contrary (l. c. 1265); that two states have allowed a lien for supervision during the course

of construction (l. c. 1266); and that the decisions are in conflict whether an architect is entitled to a lien for only drawing plans (l. c. 1267). In the case at bar, bearing in mind the contract alleged is for sale of equipment, and after installation by the purchaser, for inspection, regulation and test by the seller, we note that although the lien statement, after setting forth two items of equipment and prices thereon, also contains an item "plans of the same" and a charge therefor, in the petition and amended petition there is no allegation the plans were of the building and for installation of the equipment therein. The plans seem to have been of the equipment itself and not for its installation. But assuming they were for installation, they had served their purpose when the installation was completed, and concededly that was over four months before the lien statement was filed.

Although there may be some analogies between services rendered by architects and the service rendered by appellant, they are not such as will warrant a conclusion the latter is entitled to a lien. Our search of authorities discloses none that supports appellant's contentions. We are of the opinion the matter is determined by the language of our statute.

Under the statute, as applied to the facts here, the claimant would have been entitled to a lien for the materials furnished by it in putting up fixtures or machinery in or attachments to the residence, had it filed its lien statement in time. Insofar as a lien for labor is concerned, it must be for "putting up fixtures," etc. It is clear that the performance by the claimant of its agreement to examine, regulate and test after the installation was completed by the buyer, was neither part nor parcel of the labor performed in putting up the fixtures, and did not entitle it to a lien.

Nor do we think the claimant's situation is helped by coupling the furnishing of the materials with the agreement to examine, regulate and test after installation by the buyer. To so interpret the statute as to say that such services were labor performed in putting up the fixtures, etc., would lead to a conclusion that any seller of fixtures, who might be entitled to a lien, could indefinitely postpone the date he must file his lien statement by the simple device of providing for his making subsequent or later periodic examination, test and regulation. The statute is not subject to any such interpretation.

We conclude the trial court did not err, and its ruling on the demurrer is sustained.