## CUTSINGER v. KING et al.

Court of Appeals of Kentucky.

June 19, 1951.

A. J. Deindoerfer, John P. Ryan, Louisville, for appellant.

Anton B. Dreidel, Louisville, for appellees.

CAMMACK, Chief Justice.

This is an appeal from a judgment denying Charles E. Cutsinger, a subcontractor, a mechanic's lien against the property of the appellees. The appellees employed E. G. Ridge to build a house for them. Cutsinger was given a contract to install the sewer, water and gas connections and other plumbing at a contract price of $1100. Ridge was denied a materialman's lien because it was found that a balance owing to him was more than offset by damages suffered by the Kings as the result of his defective workmanship. In January, 1948, Cutsinger filed a lien against the Kings when it developed that there was a controversy between them and Ridge. He did not give the 35 days' written notice required under KRS 376.010(3). The effect of Cutsinger's testimony at that time was that he had completed the work covered by his $1100 contract. In March, 1949, Mrs. King called Cutsinger to her home. At that time he repaired some faucets, tested some insulation equipment tying into a public utilities service, fixed a leak on the house line and a thermostat on a water heater. The amount of his charge for services at that time was $17. He demanded that the Kings pay him $1117, which covered the original contract price of the work he had done and

the $17 charge for the incidental work. In April, he filed another lien for $1117. The testimony was heard before a commissioner and he allowed Cutsinger a lien for only $17.

It is the general rule in this State that time for filing a mechanic's lien can not be extended where the subcontractor only makes repairs and does trivial work. Henry Koehler & Co. v. Hines, 185 Ky. 270, 214 S.W. 906. As pointed out above, Cutsinger had already filed a lien, though too late, asserting the full amount of his $1100 contract price. In support of that lien he testified in effect that he had completed his work. At the second hearing he sought to distinguish his testimony on the first hearing by saying that he meant that he had completed his work, as far as he could go at that time. Nevertheless he was asking for the full contract price of his work. As pointed out by the commissioner, Cutsinger's obligations under his original contract had been performed to the satisfaction of the Kings, and his obligation to them had stopped. Furthermore, it is quite obvious that the nature of the work done by Cutsinger in March, 1949, comes under the category of incidental repairs.

Judgment affirmed.