THORSON, Appellant v. PFEIFER et al., Respondents

(145 N.W.2d 438)

(File No. 10295.  Opinion filed October 13, 1966)

**Dana, Golden, Moore & Rasmussen,** and **Peder K. Ecker,** Sioux Falls, for plaintiff and appellant.

**May, Boe & Johnson,** and **Paul V. Van Buren,** Sioux Falls, for defendants and respondents.

HANSON, Judge.

In this action to foreclose a mechanic's lien the question is whether or not plaintiff timely filed a lien statement within 120 days after doing the last work or furnishing the last item of material in accordance with SDC 39.0708 as amended by Chapter 200, Laws of 1961. The question is presented by plaintiff's appeal from an adverse judgment canceling his lien.

It appears that defendant Pfeifer, Drake & Dodge Company, a partnership, contracted with Duane Mahlstedt to construct a

house on its property located at 2001 Allen Drive in Sioux Falls. Mahlstedt was a general contractor and commenced work on the house shortly after Christmas in 1963. He subcontracted the heating, air conditioning and gutter work to plaintiff Thorson for the sum of $1,133.

According to his lien statement plaintiff performed work and furnished materials on the house valued at $1,142.93 between January 21 and April 17, 1964. On April 30, 1964 he submitted a statement to Mahlstedt for the entire contractual amount of $1,133. Mahlstedt then considered plaintiff's work completed.

The house was open for public inspection for approximately a week during June 1964. The air conditioner was operated during this period. It was also operated and functioned properly throughout the summer when the house was shown to prospective buyers.

On August 19, 1964 which was one hundred and twenty-four days after April 17, 1964 plaintiff claims he performed work on defendants' property described in the lien statement as "check out furnace & air conditioner, check out job complete $11.00". Plaintiff testified this item represented his final work on the job which consisted of checking the air conditioner, adding freon gas and setting the blower to prevent the unit from freezing. This work was not requested by either Mahlstedt or the defendant Pfeifer, Drake & Dodge Company.

In November 1964 the house was sold to defendants, R. W. Jolley and Patsy L. Jolley on a Contract for Deed. On December 16, 1964 plaintiff filed his mechanic's lien. This was one hundred and nineteen days after August 19th and two hundred and forty-three days after April 17th. Therefore, the lien was timely filed if August 19, 1964 is considered to be the last day plaintiff furnished skill, labor, services, or materials on defendants' property or it was not timely filed, as the trial court found, if April 17, 1964 is considered to be the last day under our Mechanics' Lien Law.

The trial court did not err. The heating and air conditioner unit was completely installed by plaintiff on or before

April 17, 1964. Shortly after its installation a statement was submitted by plaintiff for the entire contractual amount due. The unit functioned properly. No request was made by the general contractor or the owners to have it corrected, tested, or serviced. One who wishes or installs a fixture for another cannot unreasonably or indefinitely postpone the time for filing a lien statement by simply making periodic tests and service calls. General Air Conditioning Corp. v. Stuewe, 156 Kan. 182, 131 P.2d 638, 143 A.L.R. 1184. The general rule is stated in the annotation appearing in 143 A.L.R. 1190: "With but few exceptions, it has been held, in the cases considering the question, that after the installation of fixtures, machinery, or attachments in a building, services in the form of examination or regulation of, or repairs to, such fixtures, machinery, or attachments, performed by the seller or the one making the installation, should not be regarded as a part of the act of sale or installation, so as to make the time within which to file a mechanic's lien based on such original act run from the time of performance of such additional services." The underlying principle is aptly stated in Hartley v. Richardson, 91 Me. 424, 40 A. 336, in the following language: "While the lien law should be construed favorably to the laborer, the rights of the owner and subsequent grantees should also be respected. The laborer ought not to be encouraged to leave some trifling matter incomplete, and wait to see if his payment is made, and if that fails, complete the trifling work left, and be allowed to revive and continue his lien, to the detriment of parties, who in good faith, relying upon the records, and the apparent completion of the work of the laborer, pay the contractor, or take a conveyance of the property. Protection to the laborer should not operate a fraud upon other innocent parties."

■ In the absence of any evidence to the contrary the trial court's finding that the materials and equipment installed by plaintiff cannot be severed and removed from the property without material injury thereto will not be disturbed on appeal.

Affirmed.

All the Judges concur.