No. 34,780

THE KANSAS MILLING COMPANY, *Plaintiff*, v. FRANK J. RYAN,
as Secretary of State, etc., *Defendant*.

(102 P. 2d 970)

Opinion filed June 8, 1940.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the plaintiff.

*Jay S. Parker,* attorney general, and *A. B. Mitchell,* assistant attorney general, for the defendant.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in mandamus brought to compel the secretary of state to file a certificate of amendment of plaintiff's charter as a corporation and to issue a certified copy thereof to be recorded in the office of the register of deeds.

The motion for the writ alleges that plaintiff is a corporation duly organized under the laws of Kansas with its principal place of business at Wichita, and that defendant is the secretary of state of the state of Kansas; that plaintiff is authorized to and is engaged in the manufacture, sale and distribution of wheat products; that in 1939 the legislature of Kansas passed a new general corporation code, reference being made to certain sections hereafter mentioned; that the congress of the United States passed a new food, drug and cosmetic act which provides that a food shall be deemed to be misbranded if in package form unless it bears a label containing the name and place of business of the manufacturer (U. S. C. A. Tit. 21, § 343 [e]), and it is alleged that under regulations promulgated

under that act a trade name can be used by the manufacturer if the trade name has legally recognized identity, and legal recognition to do business under such trade name has been accorded to the manufacturer; that the plaintiff corporation has been using the names hereafter mentioned. That plaintiff is known to the public and its trade in connection with the sale of its products by those names, in addition to its name as set out in its articles of incorporation, and that the names are not used with intent to defraud or deceive, but for the reason plaintiff has built a large part of its business in certain localities by the use thereof; that since the adoption of the general corporation code in 1939 it has power to adopt trade names in connection with its business, and, in order to comply with the federal act mentioned, to amend its charter authorizing its use of the names so that they will have a legally recognized identity. That, in accordance with statutory requirements, it was voted by the stockholders to amend its articles of incorporation by adding a new subdivision, reading as follows:

"That this corporation shall have the power to conduct the affairs and business of the corporation under the trade names of:

Marion Milling Company, Wichita, Kan.;

Marion Milling Company, Marion, Ohio;

St. Johns Mills, St. John, Kan.;

The Lassen-Jackman Milling Company, Wichita, Kan.;

Southern Milling Company, Wichita, Kan.; and

Cereal Research Laboratories,

and all such other trade names as the board of directors may, from time to time, determine."

And thereafter on December 11, 1939, the amendment was duly certified as required by statute and tendered to the secretary of state, together with a copy to be certified by him for filing with the register of deeds of Sedgwick county, with the requisite statutory fees; that the secretary of state refused to file the certificate of amendment, for the asserted reason the general corporation code did not contemplate such an amendment, and that the trade names set out in the amendment do not appear to be trade names. After making allegation that it had no adequate, plain and complete remedy at law, that it was entitled as a matter of right to have the certificate of amendment filed by the secretary of state, etc., and that it would suffer irreparable damage if it did not obtain relief, it prayed for a writ of mandamus to compel the secretary of state to file the certificate of amendment and to furnish it with a cer-

tified copy, etc. A copy of the certificate of amendment as tendered to the secretary of state was attached as an exhibit. Upon this motion an alternative writ of mandamus issued directing the secretary of state to file the certificate of amendment, and to certify a copy thereof, or that he show cause to the contrary. In due time, the secretary of state answered, admitting what we shall call the allegations of fact, and denying generally. He denied specifically that the names set out in the certificate of amendment are trade names or that they may be adopted and used by plaintiff in the transaction of its business for and instead of its corporate name, which is The Kansas Milling Company. He likewise made reference to certain sections of the general corporation code hereafter mentioned, and denied that the sections of that code mentioned in plaintiff's motion contemplate or authorize the use by plaintiff of the names set out in the certificate of amendment, and alleged that the proposed amendment cannot be lawfully made or filed with and recorded by him. He asked that the prayer of plaintiff's motion be denied and that he have judgment for costs. It was later stipulated that the secretary of state does not contend that plaintiff is seeking to amend its charter to permit it to use additional names with fraudulent intent or to deceive persons dealing with it.

Plaintiff filed its motion for judgment on the pleadings on the ground the answer does not state a defense to the alternative writ, and the cause is submitted to us on the motion.

Before discussing the contention of the parties, it may be noted there is no dispute concerning the manner and form followed by the corporation in adopting the question amendment, nor in tendering it to the secretary of state for filing. It may also be noted that the questions in issue arise under the general corporation code enacted as Laws 1939, chapter 152, and appearing as G. S. 1939 Supp., ch. 17, arts. 24 to 45, incl., and that references hereafter made are to the sections as numbered in the session laws.

Plaintiff contends that under the general corporation code, the secretary of state is purely a ministerial officer in filing the articles of incorporation or any amendment thereto, and that he has no discretion in determining whether a proposed amendment is within the contemplation of the act. In that connection, plaintiff calls attention to the fact that under the former corporation act (G. S. 1935, 17-216) an amendment to the charter had to be approved by the charter board before it could be filed, while under section 13 of the

new code it is provided that articles of incorporation shall be filed by the secretary of state and under section 129 certificates of amendment shall be filed by him, and it is argued that the original section having been repealed, and no similar provision having been included in the new code, the secretary of state is a mere ministerial officer for the purpose of filing the certificate of amendment. The argument is supported by quotation from 7 Fletcher, Cyclopedia Corporations (Perm. ed.), page 894, § 3722, viz.:

"The secretary of state or other officer charged with the duty should accept and file an amendment which complies with the statutory requirements. But no duty rests upon a secretary of state to file a certificate of amendment to the articles of a corporation where such amendment violates a statute of the state. The officer's duty in the matter is controlled by the statutes of the state and not by his discretion. At least the discretion to be exercised by the secretary of state does not extend to the merits of an application for incorporation, although it may be exercised as to matters of form.

"In conformity with the rules governing mandamus, that remedy is available to compel the officer to perform his clear legal duty to file the amended articles or certificate of incorporation. It is otherwise where the amendment is not in the proper form and is unauthorized. In such case the writ will be denied. If an order of injunction is issued preventing amendments, a petition for mandamus to a public officer requiring him to issue certificates of amendments cannot be granted."

As is indicated in the above, the statement that the duty of the secretary of state is purely ministerial is subject to considerable qualification.

In *Martin, Governor, v. Ingham*, 38 Kan. 641, 17 Pac. 162, this court had before it the question of the duty of the governor under statutes relating to the organization of new counties, and it was held that some of his duties were partially ministerial and partially not. In discussing the power of the court to compel compliance, it was said:

"The only acts of public functionaries which the courts ever attempt to control by either injunction or *mandamus*, are such acts only as are in their nature strictly ministerial; and a ministerial act is one which a public officer or agent is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed." (p. 651.)

And so we approach the question of the nature of the duties imposed on the secretary of state with respect to receiving and filing the certificate of amendment.

Under the general corporation code, three or more natural per-

sons may associate themselves to establish a corporation for the transaction of any business for which natural persons may lawfully associate themselves (sec. 7), it being required the articles of incorporation shall set forth certain information, including the name of the corporation, which shall be followed by the word "Incorporated" or the abbreviation "Inc." (sec. 11), it being permissive the articles may set forth further provisions (sec. 12) and that these articles of incorporation, upon proper execution, be filed in the office of the secretary of state, who shall furnish a certified copy to be filed in the office of the register of deeds of the proper county (sec. 13). Provision is made for amendment of the articles of incorporation in many particulars, including change of name, as specified in section 126, with limitations as provided in section 127, under procedure specified in section 128, the amendment to be certified to the secretary of state, and certified copy furnished by him for filing in the office of the register of deeds (sec. 129) in much the same form as is followed in procuring an original incorporation.

It may be conceded there is no specific provision of the general corporation code that requires either the original articles of incorporation or any amendment thereto be approved by the secretary of state before being filed. We see no fundamental difference with respect to the duty of the secretary of state whether the filing, etc., involves the original articles of incorporation or an amendment. Certainly, where either is tendered to the secretary of state for filing, he has a duty to see that the articles of incorporation contain the information required by section 11 of the act, *i. e.*, the corporate name, location of registered office, name of resident agent, the nature of the business, etc., or, if an amendment of those particular things, that the effect is not to eliminate any. To determine whether there has been compliance in the above particulars, or that the articles of incorporation have been duly executed, may be said to be matters of form. But we do not believe his duties end there. There are certain matters of substance to be considered. The articles of incorporation or of any amendment pertaining thereto must show that the purpose of the corporation is to engage in a business in which natural persons might lawfully engage. If it were affirmatively shown by the articles or any amendment that the contrary was true, we do not believe the secretary of state lacks power to refuse to file. Under section 24 of the corporation code there are restrictions on the corporation purchasing its own stock;

under section 26 loans to officers are prohibited; under section 80 payment of dividends is limited, and there are many other provisions regulating or restricting powers. If the articles of incorporation, or any amendment is absolutely at variance with the statutory provisions, is the secretary of state impotent? Must he file the articles or the amendment, leaving to the attorney general the duty to challenge regularity and legality? We do not think so. We do not mean that the secretary of state is to act as an arbiter or judge of the legal sufficiency of the articles of incorporation or any amendment, and that they are subject to his approval before being filed, but only that where it appears from the face thereof that required statements of fact and information are not included or where included make provision for the exercise of power contrary to express or implied provisions of law, then the secretary of state has the power and it is his duty to refuse to file the articles of incorporation or the amendment thereto, as the case may be. If the secretary of state is in error in concluding either that the names the plaintiff desires to have incorporated in its articles of incorporation by the proposed amendment are not trade names, or that if they are, the general corporation code does not contemplate or authorize their inclusion in the articles of incorporation, then the writ of mandamus should issue.

Plaintiff's contention is that it has been using the suggested names in connection with its business in certain localities and that by reason thereof the names have legally recognized identity; that natural persons may lawfully transact business under trade names (*Lumber Co. v. Collinson*, 97 Kan. 791, syl. ¶ 3, 156 Pac. 724) and the corporation may lawfully do likewise, and therefore it has the right to amend its articles of incorporation to so state. As a specific reason, it pleads the federal food, drug and cosmetic act, referred to above, and contends that if its trade names have legally recognized identity and there is legal recognition of its right to do business under those trade names, then its use of them may be continued with consequent nonviolation of the federal act. However persuasive the last contention argued may be, it is not controlling in determining whether or not it is entitled to the relief it seeks. That depends on the state law.

It is apparent that plaintiff is not seeking to use the names to identify certain containers in which its products are marketed, for if that were the case it could obtain ample protection by comply-

ing with G. S. 1935, ch. 81, pertaining to registration of trade-marks, names, etc. It is apparent that what it desires is to use different names at different places in a sort of series of alter egos.

We note the contention of the defendant that the names are not trade names. A discussion of whether the names have the attributes of trade-marks, trade slogans, trade-mark names or trade names would lead into a field in which there is great confusion, and any conclusion reached would hardly be decisive of the question before us. Discussions may be found in Hopkins on Trade-marks, etc., 4th ed., page 10, § 4; Nims on Unfair Competition & Trade-marks, 3d ed., 124, ch. 5; 26 R. C. L. 828; 63 C. J. 308-322. For our purposes we shall consider the names as being those properly applicable to business concerns doing a milling business at the locations mentioned for such length of time they were generally known and recognized, and trade names in that sense.

Without attempting a complete discussion, it may be said that in the field of corporation law generally there has been diversity of views concerning the right of a corporation to use an assumed or trade name in lieu of its legal name and its rights and liabilities where such a name has been used, as is indicated in 6 Fletcher's Cyclopedia Corporations (Perm. ed.), page 87 *et seq.*, § 2442, where it is said:

"A corporation, when it comes into existence, acquires a legal name by which it is known and identified, and by which in general it contracts and acts. Strictly speaking, this name is the only legal name which it can have, unless, of course, such name is subsequently changed by the state or under authority from the state. It seems quite well established, however, that in the absence of statutory prohibition a corporation may have and be known to the public by more than one name, and that, in addition to the name given it by its charter, it may acquire other names by user or reputation. Of course, it cannot by usage or prescription acquire a legal name other than that conferred upon it by law, and 'a corporation cannot, except as authorized by law, change its own name, either directly or by user.' It cannot be said that a corporation has a right, not only to the actual name given to it by its articles of incorporation, but also to a translation of such name into a foreign language.

"This legal name and title which the law confers upon a corporation is the one which it should use. It may not, without authority of law, express or implied, use any other name, particularly where the statute directly prohibits corporations from transacting any business under any other or different name than that conferred upon them by their articles of incorporation. But, however desirable it may be that a corporation act and contract in its true legal name, this is not always done. In written instruments, pleadings, process, etc., misdescriptions very often creep into the corporate name with what effect will be seen later, and a corporation may contract, acquire rights or incur obliga-

tions in a fictitious or trade name. Like an individual, a corporation may assume a name other than its legal name and carry on business in such assumed name, but in order to apply this doctrine, incorporation by some name must be established. If a note or deed is executed by a corporation under an assumed name, it is just as much bound as if it had used its proper name, and the same is true of any other contract. A contract entered into by or with a corporation under an assumed name may be enforced by either of the parties if the identity of the corporation is established by the proof.

"By statute, in some states, a corporation doing business in a name other than its legal corporate name is required to record such other name. There are also provisions relating to the carrying on of business by 'any person' or 'persons' under assumed names without first complying with certain regulations. These provisions may not be applicable to corporations, or may expressly except corporations from their requirements."

And a discussion of the subject will also be found in 14 C. J. 307 *et seq.*, 18 C. J. S. 560 *et seq.*, 7 R. C. L. 126 *et seq.*, and 13 Am. Jur. 268 *et seq.* And see the annotation in 56 A. L. R., 450.

We are of the opinion that whether the plaintiff is entitled to the relief it seeks is to be determined from our general corporation code, and the general policy of it as declared by or inferred from its provisions. The general corporation code has no provision expressly prohibiting the use of trade names, and whether a corporation may do so is to be determined from the code generally.

The plaintiff corporation is a private corporation organized for profit, and having an issue of capital stock. It was organized prior to the enactment of the general corporation code now in effect, but under section 149 any change that may be made in its corporate status is governed by the present code. In reviewing the provisions of the code, we shall ignore exceptions therein contained not applicable to the plaintiff corporation. It is required by section 11 of the act that the corporate name of every corporation shall be followed by the word "Incorporated" or the abbreviation "Inc.," and that the corporate name of any corporation previously organized may be changed to conform to the provisions of the act, and under section 18 *A* it is provided that the articles of incorporation shall set forth the name of the corporation. Provision is made for the amendment of the articles of incorporation, and by section 126 the corporation may change its corporate title. It is clear that as to all corporations organized after the passage of the code, and as to all that change their names, the intent of the legislature was that the inclusion of the word "Incorporated" or the abbreviation "Inc." in the title was in order that persons dealing with them would know

the legal status of the concerns with which they dealt. It is to be noted that at no place in the act stating what the articles of incorporation must set forth under section 11, or what they may set forth under section 12, is there any provision that even suggests the right to use names in addition to the corporate name, unless it is paragraph B of section 12, to the effect there may be incorporated any provision the incorporators may choose to insert for the conduct of the affairs of the corporation not contrary to the laws of this state. Likewise, sections 21 and 22, dealing with powers of corporations, are silent unless by reason of the opening statement the corporation shall have the power and capacity possessed by natural persons. Plaintiff directs our attention to section 27, which provides the board of directors may create and designate various committees which shall *"have such name or names as may be stated in the articles of incorporation or bylaws,"* etc. The provision refers solely to committees of the board of directors and not to the corporation. It would seem that if it took express statutory provision for the board to change the name of one of its committees, it would require just as explicit, if not more, statutory provision for the corporation to adopt trade names.

It is noted also that in the code all reference to the corporate name or title is in the singular, and at no place is there any provision that a corporation may have two corporate names or titles. It is true that generally individuals may use assumed or trade names, and that two or more persons may associate themselves together to conduct a business under such names, but it does not follow that three or more persons may associate to establish a corporation for the transaction of any business for which natural persons may associate and have the right to use assumed or trade names, for the reason that the right to incorporate is regulated and limited by the provisions of the general corporation code. In the case of the individual or partnership, there is generally unlimited liability for debt, but as to the stockholders of the corporation that is not true. The individual may change the name or title under which he does business as often as he chooses, so long as fraud, deceit, etc., are not involved. (See *Lumber Co. v. Collinson,* supra.) Obviously, a corporation cannot do that, or if it can, the provisions of the code for amending its name and title are meaningless. If it be said that the corporation may have the right to use trade names without change of its corporate title, and that such names may be included

in its articles of incorporation, either originally or by amendment, then the question arises as to the effect of designation of its resident agent under section 11 C, and under what name or names the agent is to be designated. The articles of incorporation or any amendment must be recorded in the office of the register of deeds of the county where the registered office is located in this state, as is provided in sections 13 and 129. One of the names plaintiff seeks to use is "St. Johns Mills, St. John, Kansas." That designation would lead to the belief the concern was in Stafford county, Kansas, but an inquirer would search in vain in the office of the register of deeds of that county to find the articles of incorporation or any amendment thereto or the designation of any resident agent. Under section 18, the articles of incorporation must state the place where its registered office is located and the name and address of its registered agent, as it is required to have by section 142. Under section 143, it is required that every corporation have its name, not names, conspicuously displayed in large letters in its registered office, and following sections provide for change of location of its registered office and designation of its registered agent, and for the filing of certificates in the office of the register of deeds in the county where the new office is located. Certainly this does not contemplate that a corporation may be domiciled in one county and comply with the requirements of the statute insofar as its primary legal name and title is concerned, and then transact its business there and elsewhere under a series of names entirely different from its corporate name, and especially is this true where the trade name has a geographical connotation. If it be argued that the amendment setting forth the names will be filed in the county where the registered office is located, and that the public will then have notice, we direct our attention to the latter part of the proposed amendment, where after setting forth six specific trade names, the corporation is also to have power to transact business under "all such other trade names as the board of directors may, from time to time, determine." If the provision for recording the articles of incorporation or amendments means anything, it would be futile with respect to "such other trade names," for no public record would disclose them. It may be observed, also, that if a corporation may include legally one or five or six trade names in its articles of incorporation, then it may just as legally include a score or more of them. We do not think the statutes contemplate or permit that such a thing be done.

If it be assumed that a corporation may have more than one name in which it is legally authorized to do business by reason of the inclusion of additional names in its articles of incorporation, then those names must, in order to comply with the provisions of section 11, be followed by the word "Incorporated" or the abbreviation "Inc.," and those included in the proposed amendment are not.

To sum up, we are of the opinion that the general corporation code not having in it any permission for it so to do, a corporation may not, either in its articles of incorporation or by amendment thereto, obtain the right to conduct its business under a trade name or series of trade names in addition to its corporate name and title.

The writ of mandamus is denied.