The Honorable Ron Thornburgh Secretary of State State Capitol, 2nd Floor Topeka, Kansas 66612
Dear Secretary of State Thornburgh:
You inquire whether an annual report filed pursuant to K.S.A. 1998 Supp. 17-7503 should be rejected if the filing party has not supplied the information as required by the statute, and whether articles of incorporation for nonprofit corporations having no members should be filed or rejected.
You indicate that an annual report has been submitted to your office for filing by a corporation the incorporator of which originally filed articles of incorporation in 1994. The corporations division of your office rejected the annual report this year because it did not contain the information required by K.S.A. 1998 Supp. 17-7503. Instead of reporting the names and addresses of the officers, directors and shareholders as required by the statute, the annual report states that there are no officers, directors or shareholders. Additionally you indicate that the entity at issue is not an active corporation, but has filed articles of incorporation and annual reports since its inception in 1994 in order to preserve the corporate name and prevent others from registering a business entity with that name. The usual means for preserving a corporate name is K.S.A. 1998 Supp. 17-7402, which requires the reservation of the name be renewed every hundred and twenty days.
As you know, the Secretary of State has a statutory duty to review corporate filings for statutory compliance.[1] He does not, however, have the power to judge the legal sufficiency of a document but must determine from the face of the document whether the information provided is contrary to law or is deficient.[2]
Applying this standard, we must opine that the Secretary of State is authorized to reject an annual report when the filer is unable to provide the requisite information regarding officers of the corporation because the incorporator has failed to perfect the organization of the corporation within a reasonable amount of time as mandated by the Kansas Corporation Code (hereinafter Corporation Code).[3]
Corporate existence is determined by statute[4] and commences at filing with the Secretary of State which requires filing an original and a duplicate copy of the articles of incorporation.[5] Given no indication or facts that the original filing was deficient, the corporation commenced existence in 1994. The corporation has continued its existence by filing annual reports since its inception. Counsel for the corporation argues that he has complied with the requirements of the statute by answering whether the corporation has any officers or directors. He argues that the Secretary of State is disenfranchising him of his corporation by placing him in a position where he cannot comply with the statute by electing himself an officer because the report reflects the status of the corporation as of December 31st of the year preceding. He argues that by requiring him to report that which he cannot report, unless he falsifies the information subject to the penalty of perjury, he is being forced to forfeit the company for failure to file the annual report. We cannot agree.
The incorporator has had four years to perfect the organization of the corporation by holding an organizational meeting of the incorporators to elect directors as mandated by K.S.A. 17-6008. The Corporation Code authorizes the incorporators to manage the affairs of the corporation until the directors are elected, and clearly anticipates that the corporation will have officers or directors.[6] The Secretary of State has accepted the corporation's annual reports wherein the corporation has reported no elected officers for a number of years since 1994; as such, the corporation has had a reasonable amount of time to perfect the organization of the corporation. The Secretary of State's rejection based on the corporation's inability to provide the information required by K.S.A. 17-7503 does not constitute disenfranchising the entity of its corporate status. Rather, it is clear from the face of the annual report that information provided is contrary to the mandates of the Corporation Code. In other words, the corporation's inability to provide the information derives not from the rejection of the annual report but from the corporation's failure to perfect the corporate organization in accordance with the Corporation Code which determines and limits the rights of a corporation.[7]
In conclusion, it is our opinion that the Secretary of State's Office is authorized to reject an annual report filed by a corporation whose incorporator is unable to provide the information required by statute because he has failed to perfect the organization of the corporation within a reasonable amount of time as required by the Corporation Code.
Your second question is whether the Secretary of State should accept and file articles of incorporation for a nonprofit corporation which fails to include conditions of membership because the corporation has no members.
Generally nonprofit corporations are organized in the same way as for profit corporations but have no capital stock and thus have members rather than stockholders.[8] Nonprofit corporations are required by K.S.A. 17-6002(a)(4) to state in the articles of incorporation either the conditions of membership or that the conditions of membership are stated in the bylaws at the time of filing the articles in order to commence corporate existence. The statute, however, does not require that the corporation have members [although subsection (b) states the articles may contain the powers of the members, clearly anticipating there will be members.] In other words, at the time of corporate inception, conditions of membership are required by the statute but members are not a requirement, notwithstanding the presumption that there will be members.[9] Thus, for the purpose of the filing of the articles of incorporation, the nonprofit corporation must state the conditions of membership, but does not have to have members at the time of incorporation. As discussed in response to your first question, the Secretary of State is authorized to determine whether the document being filed conforms to statutory requirements but may not determine the legal sufficiency of a document. Thus, because it is not evident from the face of the document being filed, we do not believe that the Secretary of State is authorized to question the lack of membership at the time of filing if the Secretary of State cannot at this time determine whether the nonprofit corporation's organization is contrary to law.
Thus, it is our opinion that the Secretary of State is authorized to reject articles of incorporation from a nonprofit corporation for failure to comply with the requirement for incorporation found in K.S.A. 17-6002(a)(4) which mandates that the nonprofit corporation include conditions of membership or a statement that the conditions are stated in the bylaws, but may not, at the time of incorporation, reject the filing from a nonprofit corporation for the failure to have members.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] Kansas Milling Company v. Frank J. Ryan, Secretary ofState, 152 Kan. 137 (1940).
[2] Consumer Cooperative Association v. Secretary ofState, 163 Kan. 489 (1947).
[3] K.S.A. 17-6008.
[4] K.S.A. 17-6006.
[5] K.S.A. 1998 Supp. 17-6003.
[6] See K.S.A. 17-6007 providing corporate powers and generally article 61 which presumes corporate officers or directors will be elected and will conduct the business of the corporation. See also 18B Am.Jur. 2d Corporations § 1345 (1985).
[7] Kansas Milling Co., supra. at 145.
[8] 18A Am.Jur.2d Corporations § 184 (1984).
[9] Kansas Corporate Law and Practice, 12-5 (1998).