(994 P.2d 658)

No. 81,253

DIMENSION GRAPHICS, INC., *Appellant,* v. TED LIEBOWITZ, and BRUCE JACOBSON, *Appellees.*

Opinion filed December 23, 1999.

*Thomas W. Harris,* of Shawnee, for appellant.

*David C. Kennedy, John R. Loss,* and *Amy Smith Parker,* of Field, Gentry & Benjamin, P.C., of Kansas City, Missouri, for appellees.

Before JUSTICE DAVIS, presiding, DAVID J. KING, District Judge, assigned, and PHILIP C. VIEUX, District Judge, assigned.

DAVIS, J.: Dimension Graphics, Inc., (Dimension) entered into a contract to produce and print a magazine for Worldwide Communications (Worldwide). The defendants, Ted Liebowitz and Bruce Jacobson, negotiated the contract on behalf of Worldwide. Dimension obtained judgment under the contract against the principal, which remains unsatisfied. Dimension sued the agents and appeals the trial court ruling that its election to secure judgment against an undisclosed principal bars further action against the agents. We reverse and remand for further proceedings.

In December 1995, Paradise Magazine, Inc., (Paradise) submitted a printing agreement to Dimension proposing that Dimension

print Paradise Magazine. Through its president, Dimension notified Paradise that Dimension would not do business with Paradise.

Jacobson and Liebowitz, as agents for Paradise, attempted to get the same job done by representing to Dimension that they represented Worldwide. On December 11, 1995, Jacobson faxed to Dimension a credit application using the name "Worldwide Communications." On December 21, 1995, Liebowitz faxed to Dimension a printing agreement using the name "Worldwide Communications." In accordance with the agreement executed by Liebowitz, Dimension produced and delivered in excess of 107,350 copies of a magazine which turned out to be the September 1996 issue of Paradise Magazine.

Dimension billed Worldwide $78,857.83 for the printing but was not paid. Dimension filed suit against Worldwide in the District Court of Johnson County. Worldwide was successful in removing the case to the United States District Court for the District of Kansas. On or about September 9, 1996, Dimension received notice of removal of its suit and notice that Paradise does business as Worldwide Communications. Dimension learned that Paradise was in fact the principal involved in the above printing contract. Thereafter, Paradise voluntarily submitted to the jurisdiction of the federal district court as a defendant in the case and filed a counterclaim.

On March 13, 1997, Dimension moved to amend its petition to add Liebowitz and Jacobson as individual defendants in the federal case. However, the motion was denied, apparently because Dimension had failed to allege residency and, therefore, could not demonstrate a diversity of citizenship for the parties.

Rather than dismissing its case and filing a new case against both Paradise and its individual agents, Liebowitz and Jacobson, Dimension filed a motion for summary judgment against Paradise. United States District Court Judge Van Bebber entered summary judgment for Dimension against Paradise in the sum of $78,857.83 plus interest and attorney fees. While the judgment ruling is not of record, the trial court in this case based part of its rulings on the following quote from Judge Van Bebber's summary judgment:

"Although Paradise Magazine, Inc., was not an official party to the contract at issue, defendant concedes in its answer that Paradise Magazine, Inc., is its legal name and is the entity with whom plaintiff entered into the printing agreement. Defendant further acknowledges that its agents, acting under the trade name Worldwide Communications, ordered printing services and accepted delivery of the products from plaintiff. Paradise Magazine, Inc., therefore, is the proper defendant in this action as an undisclosed principal."

Dimension then filed suit against Liebowitz and Jacobson in the Johnson County District Court alleging they were parties to and liable under the contract as agents for an undisclosed principal. The suits were consolidated by the trial court. Liebowitz and Jacobson filed motions to dismiss contending that as agents for an undisclosed principal, any judgment taken against the principal discharged them from liability under Restatement (Second) of Agency § 210A (1957). Dimension argued that no matter what it had alleged in its petition, Liebowitz and Jacobson were, in fact, agents for a partially disclosed principal and, thus, were jointly and severally liable so that judgment taken against the principal would not discharge their liability.

Referring to the decision by Judge Van Bebber, the state district court noted that Dimension's position in this case was clearly contrary to the United States District Court's decision. The state district court observed that Judge Van Bebber ruled in his memorandum and order that " 'Paradise Magazine is the proper defendant in this action as an undisclosed principal.' " Thus, the court concluded that by Dimension obtaining a judgment against Paradise, Dimension in effect made an election under § 210A of the Restatement and, therefore, the judgment barred Dimension from proceeding against Liebowitz and Jacobson.

The first question we must determine is whether the trial court erred in finding that Paradise was an undisclosed principal, rather than a partially disclosed principal. The resolution of this question is vital to the outcome of this matter.

The Restatement (Second) of Agency § 4 makes a clear distinction between an undisclosed principal and a partially disclosed principal. If, at the time of a transaction conducted by an agent, the other party has no notice that the agent is acting for a principal,

the principal is an undisclosed principal. However, if, at the time of the transaction, the other party has notice that the agent is or may be acting for a principal, but does not have notice of the principal's identity, the principal is a partially disclosed principal. Restatement (Second) of Agency § 4 (1957).

This distinction is important because the liabilities of a principal and an agent under each situation are not the same in a suit by a third party to the transaction. Where the principal is a partially disclosed principal, both the agent and the principal are considered parties to the contract, and both the principal and the agent have separate liability to, and may be sued by, a third party without joinder of the other. Restatement (Second) of Agency § 321 Comment b (1957). Moreover, an agent of a partially disclosed principal is not relieved from liability by the fact that the third party obtains a judgment against the principal, where that judgment remains unsatisfied. Restatement Second of Agency § 336 (1957). However, liabilities of a principal and an agent are not the same where the principal is an undisclosed principal. As with a partially disclosed principal, the agent of an undisclosed principal becomes a party to the contract. Restatement (Second) of Agency § 322 (1957). But, the liabilities of the undisclosed principal and the agent to a third party are alternate rather than joint and several. The third party may join both the principal and the agent in a lawsuit. However, if either the principal or agent objects, the third party must make an election as to which one to hold liable. Restatement (Second) of Agency § 210A (1957). Moreover, if the third party obtains a judgment against the undisclosed principal, the agent is discharged from liability. Restatement (Second) of Agency § 337 (1957).

It should be noted that the above inconsistency and treatment appears to have no real basis. In fact, the authors of the Restatement recognized the inconsistency and state that the rule regarding undisclosed principals "appears to be inconsistent with the basic reason underlying the liability of the undisclosed principal." Restatement (Second) of Agency § 210, Comment a and § 337, Comment b. However, the authors note that the rule "represents the prevailing judicial viewpoint, although a few states hold otherwise and most of the commentators find it inconsistent and unjust."

Restatement (Second) of Agency § 210 Comment a. However, the question of whether Kansas would follow Restatement (Second) of Agency §§ 210 and 337 need not be resolved in this case. In this case, we deal with a partially disclosed principal. The uncontroverted facts before the trial court established that at the time of the agreement in question, Dimension was dealing with Liebowitz and Jacobson as agents for Worldwide. Thus, Dimension knew that Liebowitz and Jacobson were agents for a principal but did not know that their principal was, in fact, Paradise. This makes Paradise a partially disclosed principal. According to the uncontroverted facts, at no time did Dimension deal with Liebowitz and Jacobson acting on their own behalf. Thus, Paradise cannot be an undisclosed principal. See Restatement (Second) of Agency § 4.

As Paradise was a partially disclosed principal, both Paradise and its agents, Liebowitz and Jacobson, have separate liability to and may be sued by Dimension without joinder of the other. See Restatement (Second) of Agency § 321. Moreover, Liebowitz and Jacobson, as agents of Paradise, were not relieved from liability by the fact that Dimension obtained a judgment against Paradise, where the judgment remains unsatisfied. See Restatement (Second) of Agency § 336.

The trial court, in finding that Paradise was an undisclosed principal, stated that the federal district court had so found. Apparently, the trial court concluded that this finding had a res judicata effect and was entitled to judicial notice.

However, the finding of the federal district court that Paradise was an undisclosed principal is not binding in the present action. Liebowitz and Jacobson were not parties to the action in the federal district court. See *Ellis v. State Farm Mut. Auto Ins. Co.*, 249 Kan. 599, 603, 822 P.2d 35 (1991), (res judicata requires identity of persons and parties to the action). Nor could it be said that Liebowitz and Jacobson were in privity with Paradise, for under the Restatement (Second) of Agency, an agent for an undisclosed principal or partially disclosed principal becomes a party to the contract. See Restatement (Second) of Agency §§ 321 and 322.

The Kansas Supreme Court has held that there is no authority for a trial court to take judicial notice of a factual conclusion

reached in another court in another case. See *Catholic Housing Services, Inc., v. State Dept. of SRS*, 256 Kan. 470, 478, 886 P.2d 835 (1994). The district court in this case was not bound to take judicial notice of the federal district court's finding that Paradise was an undisclosed principal.

The defendants note in their argument that Dimension litigated its federal district court suit against Paradise under the theory that Paradise was an undisclosed principal. In fact, Dimension began this lawsuit against Liebowitz and Jacobson under the theory that Paradise was an undisclosed principal before changing its position to assert that Paradise was a partially disclosed principal. "As a general rule parties to an action are bound by their pleadings and judicial declarations and are estopped to deny or contradict them where the other parties to the action relied thereon and changed their position by reason thereof." *Arrowhead Constr. Co. v. Essex Corp.*, 233 Kan. 241, 247, 662 P.2d 1195 (1983.) However, the record before us reveals no facts which show that either Liebowitz or Jacobson changed his position in reliance on Dimension's characterization of the principal as undisclosed, or suffered harm by such a characterization. As a result, estoppel does not apply.

As Paradise was a partially disclosed principal in this action, the judgment obtained against Paradise in the United States District Court for the District of Kansas does not absolve agents Liebowitz and Jacobson of their liability under the contract. The trial court erred in granting summary judgment for the defendants. We, therefore, reverse and remand this case for further proceedings.