NOT DESIGNATED FOR PUBLICATION

No. 111,827

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANKER & DANKER PUBLIC RELATIONS,
*Appellant*,

v.

BRENDA MCCANTS d/b/a BLENDING MOMENTS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT I. SHOWALTER, judge. Opinion filed October 30, 2015. Reversed.

*Caleb Boone*, of Hayes, for appellant.

*Jerry Fairbanks*, of Fairbanks Law, P.A., of Goodland, for appellee.

Before PIERRON, P.J., BRUNS, and SCHROEDER, JJ.

PIERRON:  Deborah Danker filed a petition against Brenda McCants individually based on unpaid invoices from an alleged service contract. Danker asserted she, through her business Danker and Danker, Public Relations, had contracted with McCants and Blending Moments to promote McCants' greeting card line for blended families. The trial court granted McCants' motion for summary judgment, finding she was not personally liable on the contract under the shield of the Kansas Limited Liability Company (LLC) Act. Danker appeals, claiming the court erroneously determined McCants was not liable as a matter of law. The trial court never made a finding as to which purported contract was the contract and erroneously charged Danker with a duty to investigate the identity of

1

McCants' principal. Based on these errors, the record reveals McCants was not entitled to judgment as a matter of law, and the trial court's order granting McCants' summary judgment should be reversed.

The parties are fighting over whether Danker was on notice that she was working with McCants in her representative capacity as president of an LLC. Danker always addressed McCants in her capacity as president of Blending Moments—the trademarked name of her greeting card line. McCants signed different documents in different capacities—both as president of Blending Moments and as president of Creative Consulting, LLC. However, the parties disagree on which document is the contract. This is a material fact because McCants signed her name in different capacities on the two documents. Is it possible to say McCants was entitled to judgment as a matter of law? The short answer is "No." There remains a factual dispute as to which document—and which signature of McCants—made up the contract. This is material because it affects the determination of whether McCants remains personally liable. If Danker's purported contract is determined to be the contract, McCants did not sign in her representative capacity as an agent of an LLC. So, a factfinder would need to determine which documents made up the contract, then determine the nature of the agency relationship involved, and finally whether Danker should be charged with notice of McCants' relationship to Creative Consulting, LLC. The answer to those questions will determine McCants' personal liability. However, if McCants' purported contract is determined to be the contract, McCants did sign in her capacity as an agent of an LLC and would likely escape personal liability.

McCants created a line of greeting cards for blended families. She formed Creative Consulting, LLC to move forward with her greeting card line. Through Creative Consulting, LLC, McCants trademarked the term, "Blending Moments," which became the name of the greeting card line. McCants contacted Danker about promoting Blending Moments. McCants and Tammy L. Neal flew to Tennessee, where Danker was located,

to discuss promoting Blending Moments They discussed the plan, and Danker later sent McCants a multiphase proposal. Danker asserted she and McCants had entered into a contract to promote McCants' line of greeting cards.

On May 1, 2008, Danker sent invoice number 1 to "Blending Moments, Attn: Brenda McCants" for the launch fee in the amount of $4,500.

At some point, Danker sent McCants an undated document detailing various phases for marketing Blending Moments and the costs associated with it. On May 20-21, 2008, Danker and McCants both signed a document on letterhead that generally discussed the costs, expenses, and Danker's "pledge" to McCants. McCants signed a signature line identifying her as "Brenda McCants President Blending Moments." Danker signed this document as well. Danker identifies these as the contract. It appears Danker did not send McCants the actual costs outline until after McCants had signed the purported contract.

McCants said she contacted Danker sometime after receiving the proposal to market her greeting card line with the costs outlined. McCants advised Danker she could not afford the $9,100 launch fee and requested a reduction. Danker reduced the fee to $4,500.

McCants also provided a second copy of the costs associated with the agreement. On this copy, the costs had been reduced and there were handwritten notes indicating the launch fee had been paid and half of the August fee had been paid.

McCants also provided a letter that was not on Danker and Danker letterhead but had "Danker and Danker Services" printed at the top. The letter provided various costs, expenses, and Danker's pledge to McCants. This document is undated, is a different font than the other documents provided by Danker, and is not signed by Danker. It includes

3

the following note by McCants: "Per our discussion." It was signed only by McCants: "Brenda McCants, Pres. Creative Consulting, LLC for Blending Moments TM." McCants identified this document, bearing her signature in her representative capacity as president of an LLC, as the only document that can be construed as a contract.

On June 7, 2008, McCants paid invoice number 1 using a check from Creative Consulting, LLC. McCants signed her name, "Brenda McCants, Pres."

On August 28, 2008, Danker received a $2,300 payment, a personal check from Jim and Tammy Neal. Neal included "Blending Moments" on the memo line.

McCants again contacted Danker "[o]n behalf of Blending Moments" to express concerns that her company could not afford the fees. McCants claimed Danker told McCants not to worry about it, that they would work out a payment plan.

On November 4, 2008, Danker sent invoice number 104 to "Blending Moments, Attn: Brenda McCants" for "Public Relations and Marketing (second half of original August billing of $4600)" in the amount of $2,300.

On July 22, 2009, Danker sent invoice number 17 to "Blending Moments, Attn: Brenda McCants" for the "[r]emaining balance on contract for public relations and marketing . . . and [the p]ast due balance from invoice 104."

On November 11, 2009, Danker sent an invoice for a past due balance of $33,100 to "Blending Moments, attn: Brenda McCants."

McCants acknowledged she had not paid the invoices.

On June 1, 2010, Danker filed a petition alleging Danker had rendered goods and services to McCants and McCants had failed to pay the balance—$33,100—due and owing. Danker attached the unpaid invoices to the petition.

On June 28, 2010, McCants filed a motion to dismiss and a memorandum in support of the motion. She alleged dismissal was proper because Danker and Danker PR is not a legal entity and therefore lacked standing to bring the action, and any alleged relationship between Danker and McCants was with Creative Consulting, LLC, and not McCants individually. McCants attached multiple documents in support of her contention she was not personally liable, including an undated letter from Danker to "Ms. Brenda McCants President and Owner Blending Moments," McCants' purported contract, the check paid from Creative Consulting, LLC's account, and Danker's purported contract.

McCants asserted her signature on her purported contract was her acceptance of Danker's proposal in McCants' capacity as president of Creative Consulting, LLC. McCants indicated the documents showed she had never identified herself as an individual, but always as a representative of an entity. Therefore, she contended she was shielded from personal liability.

The trial court granted Danker's request to correct the caption of the case to accurately reflect the nature of her business.

On August 9, 2010, Danker responded to McCants' motion to dismiss. Danker asserted her business dealings were with "McCants as an individual doing business as a sole proprietorship called 'Blending Moments.'"

On August 20, 2010, the trial court issued an order reserving its ruling on McCants' motion and ordered the parties to prepare memoranda on the issue of whether Danker could pursue McCants individually for the debts.

5

On September 7, 2010, Danker filed her memo addressing McCants' personal liability. Danker argued all the documents she sent were addressed to McCants and Blending Moments—never Creative Consulting, LLC—at McCants' request. Danker contended Blending Moments was a sole proprietorship and offered McCants no shield from personal liability. Danker challenged the validity of McCants' purported contract, claiming McCants never said she mailed it to Danker, suggesting Danker never received it. Danker also argued the single check from Creative Consulting, LLC was insignificant in light of all the evidence from Danker to McCants in her capacity as sole proprietor of Blending Moments. Finally, Danker argued McCants' purported contract was a document of unidentified significance and was therefore insufficient to put Danker on notice that she was working with an LLC because the proposal itself referred only to Blending Moments. Danker further suggested that McCants' alleged acceptance of McCants' purported contract was not returned to Danker.

McCants also filed a memorandum arguing the petition should be dismissed because to the best of her knowledge "all transactions between the parties were completed by McCants in her representative capacity as manager/officer of Creative Consulting, LLC or Creative Consulting, LLC d/b/a Blending Moments." McCants stated, "An agent is required to reveal identity of principal in order to avoid personal liability and McCants made it clear to Danker, and Danker understood, as evidenced by her actions in always referring to McCants as president, that McCants was acting only as an agent."

The trial court issued an opinion on September 9, 2010. The trial court denied McCants' motion to dismiss, noting the evidence "submitted by both parties is mixed at best."

6

On September 21, 2010, McCants filed her answer to Danker's petition. McCants acknowledged she had not paid the invoice but challenged the nature of the relationship between her and Danker and the existence of a contract. McCants continued to assert that any relationship with Danker was through Creative Consulting, LLC, not McCants individually.

Over the next 3 years, there was a request from Danker's attorney to withdraw, depositions were taken, and the court moved to involuntarily dismiss the cause for lack of prosecution. Then, on July 31, 2013, the court issued its agreed pretrial order.

On December 3, 2013, McCants filed a motion for summary judgment and a memorandum in support of it. She asserted she was entitled to judgment as a matter of law because, if a contract existed, she had not entered into it in her individual capacity. McCants asserted she was acting in her role as President of Creative Consulting, LLC when dealing with Danker. Therefore, she was shielded from personal liability through the Kansas Limited Liability Act, K.S.A. 17-7688. McCants asserted that Danker "was aware and had notice that [Danker] was dealing with [McCants] in her representative capacity as President of Creative Consulting." McCants stated "the only evidence available [lent] no assumption that [McCants] was acting in an individual capacity." In support of her position, McCants cited *Lentz Plumbing Co. v. Fee*, 235 Kan. 266, 679 P.2d 736 (1984) for the proposition that when a third party, here Danker, learns of the principal's identity, the agent is relieved of personal liability. McCants claimed Danker "knew that she was dealing with [McCants] in her role as President of Creative Consulting, LLC d/b/a Blending Moments" and further charged Danker with knowledge based on Danker's familiarity with the structure of LLCs.

McCants attached multiple exhibits, including an undated proposal from Danker, Danker's purported contract, and McCants' purported contract.

7

Danker responded on December 27, 2013. The thrust of Danker's argument was that the relationship between the two parties always involved McCants and Blending Moments, not Creative Consulting, LLC. Danker claimed she was unaware of Creative Consulting, LLC until after the litigation began. Danker contested the documents McCants identified as the contract, instead claiming the entire contract included only McCants' signature as president of Blending Moments. Danker argued McCants misidentified documents and applied incorrect significance to McCants' purported contract.

Danker argued McCants was not shielded from personal liability by the LLC Act protections because Blending Moments was not a business entity. Further, if McCants intended to use the shield of LLC protections, she needed to have disclosed the relationship to Danker. Therefore, Danker argued, McCants remained personally liable on the contract. Alternatively, Danker argued that under K.S.A. 17-7688(b), a member of an LLC may agree to be obligated personally for liability "under another agreement." Danker suggested McCants' signing the contract as president of Blending Moments with no mention of Creative Consulting, LLC, was another agreement for which McCants agreed to remain personally liable.

Danker also challenged the significance of the check drawn on Creative Consulting, LLC's account. Though McCants did make a single payment from the LLC's account, Danker also received a second payment for Blending Moments from Tammy Neal's personal account. Because Danker received checks from two different entities, the significance of any single entity was minimal. Danker argued there were disputed material facts concerning whether McCants signed the contract as an individual, whether McCants incurred personal liability by signing the contract as president of Blending Moments, a nonentity, and whether McCants acted as a general partner of a *de facto* partnership between McCants and Neal. Therefore, Danker argued summary judgment was not proper.

8

Danker also filed a motion requesting permission to seek punitive damages.

On January 14, 2014, the trial court heard arguments on the motion for summary judgment. McCants argued the motions specifically addressed whether she, as an individual, incurred personal liability based on her contract with Danker. McCants' attorney noted that Creative Consulting, LLC owned the trademark "Blending Moments" and claimed "[e]very document . . . submitted by either party . . . always refers to Brenda McCants [as] either president or president and owner of Blending Moments." McCants identified the issue of whether Danker was aware of the fact that Blending Moments was a trademark for Creative Consulting, LLC. McCants argued the answer was "Yes." McCants suggested there was no significance between her use of "Blending Moments" and "Creative Consulting, LLC" because the two were interchangeable and Danker "understood she was dealing with an entity."

McCants also argued there was no evidence a partnership existed between McCants and Neal. She indicated the evidence at trial would merely show Neal was an employee of Creative Consulting, LLC who made a payment from her personal account to Danker.

Danker's attorney argued there was evidence of a partnership. Although he attempted to argue the evidence indicated McCants had introduced Neal as her partner, the trial court chastised Danker's attorney for "twisting" the facts—Danker's testimony merely indicated she thought they were partners, not that McCants had ever presented Neal as her partner. Danker argued McCants' signature as president of Blending Moments was insufficient to put her on notice that McCants was contracting as an agent for Creative Consulting, LLC. Danker contended that in order for McCants to rely on the shelter of the LLC statutes, she needed to sign in her capacity as president of the LLC.

Danker asserted the court could enter judgment in her favor as well and requested the court to do so, despite not having formally filed a motion for summary judgment.

Both parties acknowledged there might be a factual dispute as to which documents made up the contract.

The trial court then made its findings. It noted Danker's familiarity with the structure of LLCs. The court acknowledged there was no disagreement "that this entire matter was handled under the term, trademark of Blending Moments, Ms. McCants being the president and owner." The judge said, "That would in my estimation cause anyone in the position that Ms. Danker was in, significant concern, significant belief that she has upon her plate the opportunity and need to find out precisely, what, if any, corporation . . . or LLC was involved." The court found the check from Creative Consulting, LLC was "extremely telling." The judge determined "[i]f that isn't giving notice, I don't know what is." The court held McCants had "never acted as an individual." The court did not believe Danker's claim that she had not received McCants' purported contract until after the litigation began. The court found no evidence of a partnership between McCants and Neal. The court specifically adopted the arguments made by McCants and granted the motion for summary judgment. The court also chastised Danker's counsel for being too loose with the facts and modifying them to fit Danker's arguments. However, the court never made a finding as to which document was the contract and therefore in what capacity McCants signed the contract.

Danker filed a motion to alter or amend the judgment, which the trial court denied.

On appeal, Danker argues the trial court incorrectly determined McCants was not personally liable and erroneously granted summary judgment in McCants' favor.

10

When the pleadings, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. The trial court must resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, the adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, the same rules apply; summary judgment must be denied if reasonable minds could differ as to the conclusions drawn from the evidence. *Stanley Bank v. Parish*, 298 Kan. 755, 759, 317 P.3d 750 (2014).

In order to preclude summary judgment, the nonmovant must come forward with evidence to establish a dispute as to a material fact. *Stanley Bank*, 298 Kan. at 759; K.S.A. 60-256(b).

In Kansas, managers and members of an LLC are shielded from personal liability for actions they perform as agents of the LLC under K.S.A. 17-7662 *et seq*., the limited liability company act. K.S.A. 17-7688 provides:

> "(a) Except as otherwise provided by this act, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company."

Here, the heart of the disagreement is whether K.S.A. 17-7688 protects McCants from personal liability for the unpaid debt owed to Danker. Danker argues McCants *must* be personally liable because she signed her name as president of Blending Moments,

11

which is not an LLC and therefore K.S.A. 17-7688 does not shield McCants from personal liability. In response, McCants argues Danker would have to rely on willful ignorance in order to argue McCants acted in an individual capacity. McCants argues Creative Consulting, LLC owns the trademark Blending Moments and therefore the LLC statute's liability shield applies.

There are three relevant considerations that must been addressed in order to determine McCants' liability:  Whether the parties intended McCants to remain personally liable for the contract; whether a contract exists and which document is the contract; and whether McCants was acting as an agent for Creative Consulting, LLC and therefore shielded from personal liability by the LLC statutes. These will be addressed in turn.

*Did McCants Intend to Remain Personally Liable?*

The primary rule for interpreting a written contract is to ascertain the intent of the parties. If the contract's terms are clear, such intent is to be determined from the contract's language without applying rules of construction. *Osterhaus v. Toth*, 291 Kan. 759, 768, 249 P.3d 888 (2011).

Every document Danker sent to McCants was in her capacity as president of Blending Moments; McCants always signed documents as president of Blending Moments. McCants also wrote a single check from Creative Consulting, LLC and signed a single document of questionable importance as president of Creative Consulting, LLC. There is no evidence in the record that Danker ever thought she was working with McCants in her individual capacity. Instead, the record firmly established that Danker thought she was working with McCants in a representative capacity for Blending Moments.

12

The trial court stopped its analysis here and determined that Danker could not have thought McCants was acting in an individual capacity. The court failed to determine which document was the contract and simply charged Danker with a duty to investigate the identity of the principal for whom McCants was acting. For reasons discussed below, this was an error of law because Danker had no duty to investigate the identity of McCants' principal. Once the trial court determined McCants was not acting as an individual, it granted summary judgment in her favor. However, the analysis should not have ended there.

Since Danker was not required to investigate the identity of McCants' principal, she might not have been on notice as to whom McCants' principal actually was. If Danker was not on notice of the LLC, she could have thought, as she argues, Blending Moments was a sole proprietorship for which McCants was the sole proprietor, which would leave McCants personally liable. Just because McCants intended to act under the protections of K.S.A. 17-7688 does not mean she successfully managed to do so. That is, just because McCants did not act in her individual capacity does not mean she escaped personal liability.

*Did a Contract Exist, and, if So, Which Documents Made Up the Contract?*

Normally, whether a contract exists is a question of fact. *U.S.D. No. 446 v. Sandoval*, 295 Kan. 278, 282, 286 P.3d 542 (2012). However, if the relevant facts before the district court were undisputed, fact questions may be resolved by the appellate court as a matter of law. See *Waste Connection of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 964, 298 P.3d 250 (2013).

Here, the parties clearly disagree as to which document constituted the contract, and McCants never concedes there was a contract. Danker argues there was a service contract and claims it is the document bearing McCants' signature only as president of

Blending Moments. McCants treats this document as a "form" she signed. Without specifically acknowledging she had signed a contract, McCants suggests the document bearing her signature as "Brenda McCants, Pres., Creative Consulting, LLC for Blending Moments" was the document governing her liability. In Danker's response to the motion for summary judgment, she claimed that document was not the contract and attached her deposition testimony and her purported contract in support of her argument.

The parties do not directly address whether there was an enforceable contract, but it is worth noting that the statute of frauds requires the material terms of a contract to be stated with reasonable certainty. See *Botkin v. Security State Bank*, 281 Kan. 243, 250, 130 P.3d 92 (2006); *M West, Inc. v. Oak Park Mall*, 44 Kan. App. 2d 35, 45, 234 P.3d 833 (2010). Price has been considered a material term. See *Wing v. Mollett*, 115 Kan. 116, 222 P. 88 (1924) (failure to specify price renders contract unenforceable). Because Danker testified at her deposition that she only provided the cost of her services after the contract was formed, it is possible that, if Danker's purported contract is determined to be the contract that it still might be unenforceable for failing to define the material term of price.

Because there are disputed facts, we cannot determine as a matter of law which document was the contract. This is a material fact precluding summary judgment because the contract is determinative of the parties' rights. If a factfinder determines McCants' purported contract is a contract, Danker would face an impossible task of arguing she was not on notice that McCants was working in her capacity as an agent for Creative Consulting, LLC because McCants signed in her capacity as a president of an LLC. However, if a factfinder determines Danker's purported contract is the contract, McCants might still be personally liable. Because McCants would have signed that document as president of Blending Moments, she would not automatically receive the protections of the LLC statutes. Instead, she could remain liable if the factfinder determines McCants only partially disclosed the identity of the agent she was truly working for. Or, McCants

14

might not escape liability if the factfinder determines the single check written on Creative Consulting, LLC's account was insufficient to put Danker on notice in light of all the documentation addressed to McCants in her capacity as president of Blending Moments.

*What Is the Nature of the Agency Relationship between McCants and Creative Consulting, LLC, and Was Danker on Notice of the Relationship?*

A third important consideration is the nature of the agency relationship between McCants and the alleged principal—Creative Consulting, LLC. On appeal, neither party directly discussed agency principles and different types of principals.

McCants claimed she was acting as an agent for Creative Consulting, LLC d/b/a Blending Moments.

"An agency has been defined as a contract, either express or implied, by which one of the parties confides to the other the management of some business to be transacted in the party's name, or on the party's account, and by which that other assumes to do the business and to render an account of it. Determination of what constitutes agency and whether there is any competent evidence reasonably tending to prove the existence of agency is a question of law." *Barbara Oil Co. v. Kansas Gas Supply Corp*., 250 Kan. 438, 446, 827 P.2d 24 (1992).

"Whether or not the fact of the agency and the name of the principal were disclosed or known to the third party so as to protect the agency from personal liability on the transaction is essentially a question of fact which depends upon the circumstances surrounding a particular transaction. Such disclosure may, of course, be proven by direct evidence, but the disclosure, with the third person's knowledge, may be shown by circumstances surrounding the transaction and the course of dealing between the parties." *Lentz Plumbing Co. V. Fee*, 235 Kan. 266, 271, 679 P.2d 736, 743 (1984).

15

See Also *In Re Estate of Baum*, No. 105,338, 2012 WL 2620548 (Kan. App. 2012) (unpublished opinion).

McCants argues she is protected by the shield of limited liability company act because the evidence indicates the circumstances of the transaction establish Danker knew of the fact of the agency relationship so as to protect her from personal liability. McCants points to the following: the check written to Danker from Creative Consulting, LLC; and the fact that McCants signed all documents as president and owner of Blending Moments and Creative Consulting, LLC.

There seems to be no question that an agency relationship existed between McCants and Creative Consulting, LLC. However, there is conflicting evidence establishing who McCants was acting as an agent for during her interactions with Danker and whether McCants properly disclosed the name of the principal. This is a factual determination not proper for summary judgment. See *Lentz Plumbing Co. v. Fee*, 235 Kan. 266, 271, 679 P.2d 736 (1984).

After a factfinder determines what the contract is, the next consideration is to determine the nature of the agency relationship. There are different types of principals that are determined by the information conveyed to the third party. The agent's liability differs depending on the type of agency relationship. Relevant to this case is the partially disclosed principal. "[I]f, at the time of the transaction, the other party has notice that the agent is or may be acting for a principal, but does not have notice of the principal's identity, the principal is a partially disclosed principal. Restatement (Second) of Agency § 4 (1957)." *Dimension Graphics, Inc. v. Liebowitz*, 26 Kan. App. 2d 722, 724-25, 994 P.2d 658 (1999). "Where the principal is a partially disclosed principal, both the agent and the principal are considered parties to the contract, and *both the principal and the agent have separate liability* to, and may be sued by, a third party without joinder of the other. Restatement (Second) of Agency § 321 Comment b (1957)." (Emphasis added.)

16

*Dimension Graphics, Inc.*, 26 Kan. App. 2d at 725; see also *Lentz*, 235 Kan. at 270-71 (An agent who fails to disclose the existence of the agency or the identity of the principal is personally liable in his or her contractual dealings with third parties.); *Hill & Company, Inc. v. O'Malley*, 15 Kan. App. 2d 709, 715, 817 P.2d 660 (1991) ("a third-party creditor, who has agreed to look to the individual for payment rather than some unknown and undisclosed principal, is entitled to rely on the personal liability of the individual to whom credit was extended").

However, when an agent is acting for a partially disclosed principal, the third party is under no duty to investigate the identity of the principal even if it might be prudent to do so.

> "Consistent with this rationale*, the agent bears the entire burden of making this disclosure and the third party with whom the agent deals has no duty to inquire* whether the agent is acting for another or to discover the existence of the agency or the identity of the principal. Thus, it is not sufficient to relieve the agent from liability on the contract that the third party has knowledge of facts and circumstances which would, if reasonably followed by inquiry, disclose the identity of the principal." *Baum*, 2012 SW 2620548, at \*2.

In fact, under Kansas law, corporate directors have a "positive duty to disclose the fact of agency and the identity of the principal to the third party in order to escape personal liability on the contract. [Citation omitted.]." *Hill*, 15 Kan. App. 2d at 713-14. The *Hill* court held: "[T]he case law is overwhelmingly consistent in holding that the mere addition of the term 'Inc.' or 'Corp.' on company checks by itself does not constitute actual notice of incorporation to a third-party creditor who has dealt with the debtor in an individual or partnership capacity." 15 Kan. App. 2d at 714-15.

17

If McCants only signed the contract in her capacity as president of Blending Moments, a factfinder would need to determine if she satisfied her duty to identify the principal. McCants argues there were "significant other written documents signed by [her] in her legal capacity as president of an LLC." McCants also argues Danker should have been on notice of the identity of the principal. She relies on *Lentz* for the proposition that she should be relieved of any personal liability. But the mere addition of the term "LLC" on a check might be insufficient notice. See *Hill*, 15 Kan. App. 2d at 714-15.

Below, McCants also claimed Blending Moments and Creative Consulting, LLC were interchangeable and therefore it was immaterial which name she used. McCants also argued she was acting in her representative capacity as president of Creative Consulting, LLC d/b/a Blending Moments. A search of Kansas cases did not produce results answering whether an LLC may interchangeably identity itself to a third party by an entirely different fictitious name or trademark.

However, Kansas appellate courts have discussed whether a corporation may use a name other than its full registered name while conducting business. "It is necessary for a corporation to use its full registered name on all of its conveyances, contracts and other legal matters, just as it is required to use its seal, but not so in its advertising and contact with the general public in carrying on its business." *American Fence Company v. Gestes*, 190 Kan. 393, 401, 375 P.2d 775 (1962).

> "'This legal name and title which the law confers upon a corporation is the one which it should use. It may not, without authority of law express or implied, use any other name, particularly where the statute directly prohibits corporations from transacting any business under any other or different name than that conferred upon them by their articles of incorporation." *Kansas Milling Co. v. Ryan*, 152 Kan. 137, 143, 102 P.2d 970 (1940) (finding a contract still enforceable against a corporation acting under a fictitious name when the identity of the corporation can be proven).

18

The logic behind decisions addressing corporations using names other than the name identified in its articles of incorporation is helpful here. An LLC should do business under the name provided in its operating agreement. Otherwise, third parties may not be put on notice that they are working with an LLC and principals will remain undisclosed or partially disclosed. It is prudent for agents to do business under the proper name as well at the risk of remaining individually liable for doing business with a third party a partially disclosed principal.

Here, Creative Consulting, LLC's operating agreement listed a single name. Though it owned the trademark "Blending Moments," a third party would not be on notice that it was doing business with a limited liability company when the agent solely identifies the trademark name. Though it may have been prudent for Danker to investigate the nature of the entity "Blending Moments," Danker was under no legal duty to do so. And the trial court erroneously charged Danker with a duty to investigate. Although the trial court found a single check drawn on the LLC's checking account was extremely telling, considering the law of partially disclosed principals, the significance of the check only further supports the contention that McCants was working as an agent, but for an unclear entity.

Because these factual disputes remain, McCants was not entitled to summary judgment as a matter of law. The trial court's order granting summary judgment in favor of McCants is reversed.

Reversed.